In re Estate of Weber: Dept. of Taxation of Ohio, Appellant, *v.* Weber, Exr., Appellee.

(No. 22635—Decided February 24, 1953.)

*Mr. C. William O'Neill,* attorney general, *Mr. Arthur Toll* and *Mr. Jack H. Bertsch,* for appellant.
*Mr. C. W. Lindsey,* for appellee.

Kovachy, J. In this case we are asked by the Department of Taxation of Ohio, in an appeal on questions of law, to reverse the ruling of the Probate Court of Cuyahoga County made in the estate of Ruth M. Weber, deceased, that two promissory notes belonging to the estate and secured by mortgages on real estate, one of which is in default and both of which have a

business situs in the state of New York, are not subject to an inheritance tax in Ohio, the domicile of the decedent. All the property of every kind and nature was devised by last will and testament to decedent's husband, Ivan C. Weber, to be his absolutely.

An inheritance tax is not a direct tax on the property involved. It is a succession tax assessed on the beneficial interest of a devisee upon the death of the owner of the property, and is imposed on the right and privilege of receiving the property devised to him from a domiciliary decedent.

In 26 Ruling Case Law, 196, Section 167, it is said:

"An inheritance tax in any of its customary forms is not a tax on the property of the decedent with respect to which it is levied, but is an excise imposed on the privilege of transmitting or receiving property upon the death of the owner * * *."

In *Tax Commission of Ohio, ex rel. Price, Atty. Genl.,* v. *Lamprecht, Admr.,* 107 Ohio St., 535, 140 N. E., 333, 31 A. L. R., 985, the syllabus provides:

"The Ohio State Inheritance Tax is a succession tax on the beneficial interest of each heir, legatee, devisee, or other beneficiary of a decedent's estate * * *."

In Ohio, any property belonging to a resident of the state at the time of his death, whether tangible or intangible, and whether within or without the state, except alone as to real estate, is subject to an inheritance tax at the passing of such property to another by will. Sections 5331 and 5332, General Code.

Promissory notes are forms of intangible property, being evidence of debts owing their holders, and the fact that they are secured by mortgages on real estate in no way affects their basic nature and character. Such mortgages are but security for the payment of the debts and a means of enforcing payment if in default. *Kirtland* v. *Hotchkiss,* 100 U. S., 491, 498, 25 L.

Ed., 558; *Cleveland, Painesville & Ashtabula Rd. Co.* v. *Pennsylvania,* 82 U. S. (15 Wall.), 300, 323, 21 L. Ed., 179.

We are of the unanimous opinion that the fact that the promissory notes in this case have a business situs in the state of New York has no effect whatever upon the question of the assessment of an inheritance tax in Ohio, since the maxim, *mobilia secuuntur personam,* applies, and, consequently, the domicile of the decedent at the time of her death and not the location of the intangibles is the determining factor. The state of Ohio, having jurisdiction over the person owning the property at the time of death, has the unquestioned authority to levy a tax, measured by the value of such property, on the right and privilege the state confers on the owner when it permits a devisee designated by her to receive the property devised.

In *Curry, Tax Commr.,* v. *McCanless, Commr. of Finance & Taxation,* 307 U. S., 357, 366, 83 L. Ed., 1339, 59 S. Ct., 900, 123 A. L. R., 162, it is said:

"The power to tax 'is an incident of sovereignty, and is co-extensive with that to which it is an incident. All subjects over which the sovereign power of a state extends, are objects of taxation; but those over which it does not extend, are, upon the soundest principles, exempt from taxation.' *McCulloch* v. *Maryland,* 4 Wheat., 316, 429. But this does not mean that the sovereign power of the state does not extend over intangibles of a domiciled resident because they have no physical location within its territory, or that its power to tax is lost because we may choose to say they are located elsewhere. * * * From the beginning of our constitutional system control over the person at the place of his domicile and his duty there, common to all citizens, to contribute to the support of government have been deemed to afford an adequate constitutional basis

for imposing on him a tax on the use and enjoyment of rights in intangibles measured by their value."

In *Blodgett* v. *Silberman*, 277 U. S., 1, 72 L. Ed., 749, 48 S. Ct., 410, the first paragraph of the syllabus provides:

"The state of a decedent's domicile may impose a succession tax on the transfer of his intangible property by will or inheritance under her laws, even though the evidences of such property be outside of the state at the time of his death, and even though the transfer be subject to taxation in another jurisdiction. *Mobilia sequuntur personam.*"

See *Kirtland* v. *Hotchkiss, supra,* paragraph two of the syllabus.

The defendant claims that "to permit the state of Ohio to tax property wholly beyond its jurisdiction or control, conflicts with the Fourteenth Amendment."

We believe the case of *Pearson, Treas.,* v. *McGraw et al., Exrx.,* 308 U. S., 313, 84 L. Ed., 293, 60 S. Ct., 211, disposes of this contention. The Supreme Court of the United States held in that case that an inheritance tax was assessable by the state of Oregon against a resident decedent who had intangibles in Illinois, where all business had been transacted with respect to them, and that such taxation did not contravene the due process clause of the Fourteenth Amendment. See, also, *Curry* v. *McCandless, supra,* paragraph eleven of the syllabus.

It seems clear to us also that the Legislature of Ohio foresaw the eventuality of another state as well as Ohio imposing an inheritance tax on the same property by enacting Section 5333, General Code, whereunder credit can be allowed for payments made in another state by one required to pay such tax in Ohio.

We hold accordingly that the two promissory notes in the estate of Ruth M. Weber, deceased, are subject to an inheritance tax under the law of Ohio. The judg-

ment of the Probate Court exempting them from such taxation is reversed, and the cause is remanded for further proceedings.

*Judgment reversed.*

HURD, P. J., and SKEEL, J., concur.