STEEGO AUTO PARTS CORPORATION ET AL., APPELLANTS; MCQUILLIN, APPELLEE, *v.* MARKEY, D.B.A. J.T. & T. AUTO SUPPLY ET AL., APPELLEES.

(No. F-80-11—Decided June 26, 1981.)

Mr. *Lawrence L. Curtis,* for appellant.

Mr. *Robert H. Saxer* and Mr. *Mark Powers,* for appellee McQuillin.

Mr. *Jeffrey L. Robinson,* for appellee BancOhio.

POTTER, J. Steego Auto Parts Corporation, f/k/a Sterling Parts Corporation, plaintiff-appellant, appealed the decision of the Court of Common Pleas of Fulton County, which determined the priority of the secured creditors of Roger Markey, defendant-appellee.

Roger Markey, d.b.a. J. T. & T. Auto Supply, pursuant to a buy-sell agreement of November 7, 1975, purchased this business from Ramon McQuillin on December 1, 1975. To secure the balance of the purchase price, Mr. McQuillin retained a security interest and on January 14, 1976, filed a financing statement covering "all inventory, equipment, personal property, auto parts * * * including all after acquired inventory to be used in the business of retail auto parts."

On August 3, 1977, Markey borrowed money from Peoples Savings Bank Co. of Delta, Ohio, and signed a security agreement giving the bank a security interest in "all inventory, auto parts and accessories now owned or hereafter acquired." The financing statement was filed on August 5, 1977. The record indicates that on several occasions future advances were made by the bank to Mr. Markey. Subsequently, Markey refinanced, and on May 11, 1978, the bank filed an additional financing statement. Peoples Savings Bank Co. was succeeded in interest by the BancOhio National Bank.

Roger Markey, d.b.a. J. T. & T. Auto Supply, purchased inventory from Steego Auto Parts Corporation and on July 25, 1979, and again on November 19, 1979, executed security agreements granting Steego Auto Parts Corporation a security interest in "all inventory held for sale in the course of business now owned or hereafter arising and wherever located." Financing statements were filed on August 1, 1979 and November 21, 1979, respectively.

When Markey failed to meet his obligation to Steego Auto Parts Corporation the present action was instituted. Judgment was entered on March 27, 1980, against Markey who had signed a warrant of attorney to confess judgment.

On March 31, 1980, Ramon McQuillin moved to be joined as a party plaintiff and to restrain execution of the March 27, 1980 judgment. The Court of Common Pleas of Fulton County granted the motion and McQuillin filed a complaint on April 8, 1980, against both Roger Markey, d.b.a. J. T. & T. Auto Supply and Peoples Savings Bank Co., alleging a superior interest in the assets of Roger Markey, d.b.a. J. T. & T. Auto Supply.

On May 15, 1980, Markey signed a confession of judgment in favor of McQuillin and the court entered judgment against Markey in the sum of $84,174.61 plus interest.

The trial court held a hearing to determine the competing interests of creditors and found that McQuillin, having filed first, had a first priority and BancOhio had second priority. Steego Auto Parts Corporation, a purchase money secured creditor, did not give written notice to holders of conflicting security interests and, therefore, since Steego Auto Parts Corporation was last in time of filing, it had a third priority.

It is from this decision of the Court of Common Pleas of Fulton County that plaintiff-appellant Steego Auto Parts Corporation appeals and assigns the following errors:

"I. The trial court erred in failing to find a valid purchase money security interest in favor of Steego.

"II. The trial court erred in finding a valid security interest in paragraph 11 of the agreement between Markey and McQuillin.

"III. The trial court erred in finding that BancOhio had perfected its security interest."

Plaintiff-appellant's first assignment of error alleges that as a holder of a purchase money security interest, R.C. 1309.05, Steego Auto Parts Corporation is entitled to priority pursuant to R.C. 1309.31, even though Steego did not provide written notice to McQuillin and BancOhio as required by R.C. 1309.31(C)(2). Steego argues that both McQuillin and BancOhio waived their right to receive notice. This waiver occurred when McQuillin, subsequent to the filing of his financing statement, changed his address without indicating the change on the financing statement. Steego argues that BancOhio's financing statement was no longer sufficient due to a change in the secured party's name from Peoples Savings Bank to BancOhio and not indicating this change on the finance statement. We find both of these arguments to be without merit.

The official comment to R.C. 1309.39 indicates that Ohio has adopted a system

of notice filing. The formal requirements for a financing statement are provided in R.C. 1309.39(A):

"A financing statement is sufficient if it gives the names of the debtor and the secured party, is signed by the debtor, gives an address of the secured party from which information concerning the security interest may be obtained, gives a mailing address of the debtor and contains a statement indicating the types, or describing the items, of collateral. * * *"

This information, provided in the financing statement, is sufficient to put a party on notice that a secured party may have an interest in the collateral described and that further inquiry is necessary.

The case *sub judice* does not involve the total absence of one of the formal requirements of the financing statements. This case involves financing statements which, when originally filed, conformed with statutory requirements but due to a change in the secured parties' address in one case and name in the other, the financing statements are no longer accurate.

Inaccuracies in a financing statement do not make it ineffective unless the errors are seriously misleading. In the case *sub judice*, secured creditor McQuillin changed his address subsequent to the date of filing and the other creditor, Peoples Savings Bank Co., was succeeded in interest by BancOhio. Plaintiff-appellant has not shown that the change in address precludes a further inquiry to determine the details of the secured parties' interests. Nor has it shown that any inquiry sent to the secured creditor under the name of Peoples Savings Bank would not have provided the necessary information. Financing statements are filed under the debtor's name and any change or error in the secured party's name would not hinder in the search of the records. The financing statements met the requirements of R.C. 1309.39(A), and provided the necessary notice to any party searching the record and, as such, were not seriously misleading.

Therefore, we find that both McQuillin and BancOhio have financing statements sufficient to perfect their respective security interests in the collateral of Roger Markey, d.b.a. J. T. & T. Auto Supply.

As perfected secured creditors, both McQuillin and BancOhio are entitled to notification in writing pursuant to R.C. 1309.31(C)(2) of a subsequent perfected purchase money security interest in the same inventory. Plaintiff-appellant alleges that both prior perfected secured creditors waived their right to notice. We find no statutory support for the waiver of notice theory proposed by the plaintiff-appellant. R.C. 1309.31(C) requires a purchase money secured creditor to follow specific procedures to obtain priority over prior perfected secured creditors in the same collateral. The statutory intent is to balance the debtor's need for a free flow of new inventory and financing, with the prior perfected creditor's right to be secure that his filing of the financing statement protects his interest. This protection is provided by requiring notice before a prior perfected secured creditor's interest will be subordinated to that of a subsequent purchase money security interest.

Not having given this required notice, plaintiff-appellant has failed to attain the "superpriority" status available to purchase money security interest holders and, therefore, stands as a secured creditor who filed subsequent to McQuillin and BancOhio. Plaintiff-appellant's first assignment of error is not well taken.

The second assignment of error alleges that McQuillin did not have a security interest because the security agreement failed to grant McQuillin an interest in the property. Failure of the secured party to take possession of the collateral or the debtor to sign a security agreement precludes attachment of the interest in the collateral. R.C. 1309.14.

A review of the buy-sell agreement between Markey and McQuillin indicates that a security interest was created. We agree with the well written decision by Judge Kenneth H. Adams which stated, in part:

"It thus appears that no special form of words is required to give rise to a security interest. It is, however, necessary that an intent to grant or to create a security interest be manifested. It would be sufficient if the parties use language which leads to the conclusion that it was the intention of the parties that a security interest be created.

"It does not appear to be necessary that the transaction be described as either granting or retaining a 'security interest as authorized by the Uniform Commercial Code.'

"* * *

"In this case, the McQuillin-Markey, November 7, 1975 written agreement signed by both parties and with respect to which a financing statement was filed, provides in paragraph numbered 14 thereof, among other matters, that if Markey fails to make the monthly payment on the unpaid merchandise, when due, and there has been a default for sixty days, McQuillin is granted the right of reentry, immediately, and the right to take, immediately, the possession of the inventory contents of the place of business 'in order to protect the seller's interest herein' and payments made by Markey are to be forfeited as liquidated damages. The right of McQuillin's reentry and repossession is also extended to the inventory which Markey was required to maintain under paragraph 11 of the written agreement.

"In the opinion of this Court, the McQuillin-Markey agreement does use language which leads to the conclusion that it was the intention of the parties thereto that a security interest be created and to establish that there was an agreement in writing to create or provide that a security interest be created. The security interest of McQuillin in the inventory did attach and was perfected by filing, as a purchase price security interest as against the security interests of the bank and of Steego."

We agree with the trial judge that *American Card Co., Inc.* v. *H. M. H. Co.* (1963), 97 R.I. 59, 196 A. 2d 150, is not decisive nor determinative of the problems in this case.

Finding that a security interest was granted in a signed security agreement and the financing statement appropriately filed, McQuillin obtained a purchase money security interest in the inventory, among other things, of Roger Markey, d.b.a. J. T. & T. Auto Supply on the date of filing, January 14, 1976. Therefore, plaintiff-appellant's second assignment of error is not well taken.

The third assignment of error alleges that BancOhio's security interest was granted by a security agreement dated November 16, 1979 and perfected by a financing statement previously filed on May 11, 1978. Steego Auto Parts Corporation contends that the security agreement does not attach until the date the security agreement was signed on November 16, 1979.

The record indicates that on August 3, 1977, a commerical note-consumer security agreement was signed by Roger Markey with Peoples Savings Bank Co. Said note contains the following clause:

"III. Obligation Secured. The collateral shall secure payment of all indebtedness, principal, and interest created under the note, all future advances, refinancings, extensions, or substitutions of existing indebtedness, and any and all other obligations of any customer to Bank, due or to become due, now existing or hereafter created."

This language indicates an intent to secure payment of all future advances due or to become due to the bank. R.C.

1309.31(G) provides that the priority with respect to future advances shall be the same for the purpose of subdivision (E) as the priority established by the first filing. R.C. 1309.31(E) establishes the priorities of secured creditors whose interests are conflicting. Priority dates from the time a filing is first made covering the collateral or the time the security interest is first perfected, whichever is earlier, provided that there is no period thereafter when there is neither filing nor perfection.

Plaintiff-appellant's argument that BancOhio's interest does not take priority until the November 16, 1979, security agreement was signed is without merit. BancOhio filed a financing statement on August 5, 1977, securing all future advances. Its filing remains effective for five years and its priority as between secured creditors who have perfected by filing is determined by the order of filing. In this case, the time of attachment is not determinative. Plaintiff-appellant's third assignment of error is not well taken.

We agree with the trial court's finding of priority among these secured creditors, that McQuillin has a first priority, BancOhio has a second priority and Steego Auto Parts Corporation has a third priority in the collateral of Roger Markey, d.b.a. J. T. & T. Auto Supply.

On consideration whereof, the court finds substantial justice has been done the party complaining, and the judgment of the Court of Common Pleas of Fulton County is affirmed.

This cause is remanded to said court for execution of judgment and for costs. Costs assessed against plaintiff-appellant Steego Auto Parts Corporation.

*Judgment affirmed.*

CONNORS, P.J., and DOUGLAS, J., concur.