## In re Paul Richard PRETZER, Debtor.

### Bankruptcy No. B88–2195.

United States Bankruptcy Court,
N.D. Ohio, E.D.

June 13, 1989.

See also, Bkrtcy., 96 B.R. 790.

Glenn R. Schmitt, Thompson, Hine & Flory, Cleveland, Ohio, for debtor, debtor-in-possession.

James L. Reed, Chattman, Garfield, Friedlander & Paul, Cleveland, Ohio, for Firestone Bank.

### MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

This matter is before the Court upon the motion of the Firestone Bank (The Bank) to have the Court determine the status of its claim and grant it relief from the automatic stay, or alternatively, to require Paul Richard Pretzer (Debtor) to provide it with adequate protection. Following a hearing with notice being provided to all entitled parties, review of the adduced evidence, relevant pleadings and argument of counsel, the Court's findings and conclusions are set forth herein. For the following reasons,

the Bank's claim is classified as an unsecured claim, and its request for relief from the automatic stay or adequate protection is denied.

This is a core matter with jurisdiction conferred under provisions of 28 U.S.C. §§ 1334, 157(b)(2)(A), (G), (K), and General Order No. 84 of this District. Prepetition, the Debtor purchased various farming equipment inclusive of a certain stoker, hopper, loader, dutch oven, and a control panel, (The Equipment) pursuant to a security agreement executed with the Bank on January 26, 1986 (Ex. # 3). As further security, the Debtor gave his personal guaranty on the purchase (Ex. # 5). The Bank asserts that it possesses a valid security interest in the equipment by reason of an executed security agreement and attendant financing statements which were filed with the Secretary of the State of Ohio and with the Recorder of Cuyahoga County, Ohio. Further, the Bank contends that its claim against the Debtor's estate is secured by the equipment and that it is entitled to adequate protection of its interest. Alternately, the Bank contends it is entitled to a grant of relief from the automatic stay in order for it to commence foreclosure proceedings against the equipment. In opposition, the Debtor asserts that the Bank is not a secured creditor of the estate and therefore is not entitled to adequate protection or relief from the automatic stay. More specifically, the Debtor contends that the Bank is not a validly perfected secured creditor respecting the equipment, and therefore is not entitled to adequate protection under § 363 of the Bankruptcy Code.

### I.

The dispositive issue is whether the Bank possesses a perfected secured interest in the Debtor's equipment. In view of the parties' contentions, an examination of applicable nonbankruptcy law is warranted. Ohio's adoption of Article Nine of the Uniform Commercial Code (U.C.C., Art. 9) is embodied in O.R.C. ch. 1309. The requirements for the perfection of a secured interest are found at O.R.C. § 1309.21. Further, O.R.C. § 1309.39(A) provides, in relevant part, that "[a] financing statement is sufficient if it (1) gives the names of the debtor and the secured party; (2) is signed by the debtor; (3) gives an address of a secured party from which information concerning the security interest may be obtained; (4) gives a mailing address of the debtor and contains a statement indicating the types, or describing the items of collateral." Additionally, O.R.C. § 1309.39(G) provides that "[a] financing statement sufficiently shows the name of the debtor if it gives the individual, partnership or corporate name of the debtor, whether or not it adds other trade names or the names of partners." As trade names are deemed to be less certain and less likely to be known by third parties making a record search, Official Comment No. 7 to O.R.C. § 1309.39(G) states that the individual's name, and not the trade name, is to be filed.

In the present matter, the name of the Debtor is "Paul Richard Pretzer." The Debtor also does its farming business under two trade names, namely, "Ruetenik Gardens" and "Pretzer Farms." A review of the Debtor's schedules reveals that the Debtor's business is a sole proprietorship. The adduced testimony reveals that the Bank was notified of no other form of business entity by the Debtor. The lease agreement setting forth the terms and conditions respecting the equipment was executed between U.S. Funding Corporation, as the lessor, and Ruetenik Gardens as the lessee (Ex. # 3). The guaranty required of the Debtor (Ex. # 5) by the Bank again shows Ruetenik Gardens listed as the party to whom the Bank extended credit. Incorrectly, the guaranty characterizes Ruetenik Gardens as an Ohio corporation when, in fact, it is a trade name of the Debtor.

The financing statements filed concerning the equipment (Exs. 6 and 7) indicate that Ruetenik Gardens is the debtor thereon, with the bank being the successor secured party upon an assignment from U.S. Funding Corporation. No mention is made of Paul Richard Pretzer, sole proprietor, as a party in interest on either of these financing statements.

## II.

 The plain language of the statute provides that the inclusion of the individual, partnership, or corporate name of the Debtor is the minimum acceptable means of satisfying the "name of the debtor" requirement of O.R.C. § 1309.39(G). While the inclusion of a trade name in addition to the individual partnership or corporate name of the Debtor would not invalidate the financing statement, the listing of only the trade name without also including the individual, partnership or corporate name is clearly insufficient. *Pearson v. Salina Coffeehouse, Inc.*, 831 F.2d 1531 (10th Cir. 1987); *In re Davadick*, 82 B.R. 391 (Bankr. W.D.Pa.1988). As noted in Official Comment No. 7, the statute contemplates filing only in the individual name, not in a trade name, because "trade names are deemed to be too uncertain and too likely not to be known to the secured party or person searching the record to form the basis for a filing system." O.R.C. § 1309.39(G), Comment 7.

 Courts will permit minor errors in a financing statement under O.R.C. § 1309.39(H) if they are not "seriously misleading." *Steego Auto Parts Corp. v. Markey*, 2 Ohio App.3d 200, 2 OBR 218, 441 N.E.2d 279 (1981). Such a determination is a factual one which should be made by the trial court. *Towers v. B.J. Holmes Sales Co.*, 637 F.2d 707 (9th Cir.1981). In the present case, however, there is a total dissimilarity between the trade name of the debtor, "Ruetenik Gardens," and the legal name of the sole proprietorship, "Paul Richard Pretzer." A reasonable search by creditors under the Debtor's true name would not reveal the instant filing. Nor would a search under the Debtor's name have revealed the relationship between Debtor and Ruetenik Gardens. The ability of a financing statement to give notice of a security interest to creditors is the key factor. *Matter of Rieber*, 740 F.2d 10 (8th Cir.1984). "The creditor must be sufficiently diligent to insure that the name on the financing statement is correct at the time the statement is signed." *Emerson Quiet Kool Corp. v. Marta Group, Inc.*, 33 B.R. 634, 639 (Bankr.E.D.Pa.1983). Here the filing under the Debtor's trade name is seriously misleading, does not meet the requirements of O.R.C. § 1309.39(G), and consequently is not properly perfected.

Pursuant to O.R.C. § 1309.20, an unperfected security interest is subordinate to the rights of a hypothetical lien creditor such as a trustee in bankruptcy or a debtor in possession. Because movant did not properly perfect its security interest in the equipment, the rights of the debtor in possession as a hypothetical lien creditor under § 544 and § 1203 of the Bankruptcy Code are superior to the rights of the movant, who is relegated to the status of an unsecured creditor. *In re Swati, Inc.*, 54 B.R. 498 (Bankr.N.D.Ill.1985). As an unsecured creditor, the Bank has no interest in the equipment and consequently is not entitled to adequate protection or relief from stay.

IT IS SO ORDERED.