**MAURER, Director, Appellee,**

v.

**PORT FEED MILL, INC., Appellee; Master Feed Mill, Inc. et al., Appellants.**

[Cite as *Maurer v. Port Feed Mill, Inc.* (1991), 71 Ohio App.3d 200.]

Court of Appeals of Ohio,
Clinton County.

No. CA90–07–014.

Decided Feb. 25, 1991.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *Cheryl D. Minsterman,* for appellee.

*Emens, Hurd, Kegler & Ritter, Larry J. McClatchey* and *Nick J. Vizy,* for Richard Babb, Receiver, for appellee, Port Feed Mill, Inc.

*Paul E. Riley* and *James H. Williams,* for intervening appellants, Master Feed Mill, Inc. and Paul Dome.

---

*Per Curiam.*

This cause came on to be considered upon an appeal from the Clinton County Court of Common Pleas.

This is an appeal by intervening defendants-appellants, Master Feed Mill, Inc. (hereinafter "Master"), and Paul Dome ("Dome"), from a Clinton County Court of Common Pleas entry finding them unsecured creditors with respect to certain assets of defendant-appellee, Port Feed Mill, Inc. ("Port"). Additionally, plaintiff-appellee, Steven D. Maurer, Director of the Ohio Department of Agriculture, filed a motion to dismiss the appeal for lack of a final appealable order.

On October 19, 1988, appellants filed a financing statement with the Clinton County Recorder's Office in an effort to perfect a security interest in several assets of Port, a licensed commodity grain handler. The box on the financing statement provided for the listing of the debtor's name contained the following: "Davis, Tom dba Port Feed Mill." The statement also contained two signature lines at the bottom set as follows:

"———————————

"By ——————."

The top signature line contained the words "Port Feed Mill, Tom Davis"; the lower line contained Davis' signature.

Port ceased business operations on August 7, 1989. A subsequent department of agriculture audit revealed that Port's grain elevator was short of bailment grain in violation of R.C. 926.14 and 926.29. On September 11, 1989, Maurer filed a complaint for injunctive relief, as well as a motion for a temporary restraining order, seeking to prevent Port from disposing of its agricultural commodities until the court appointed a receiver.

The court below granted the temporary restraining order on September 11, 1989, and on September 18, 1989 named Richard Babb receiver of Port. Subsequent to Babb's appointment as receiver, appellants claimed several of Port's assets as secured creditors. Among the assets appellants claimed were vehicles, merchandise, accounts receivable, equipment and bank accounts.

The court conducted hearings on January 11 and 17, 1990 to determine the priority of claims to Port's assets. In a judgment entry dated June 6, 1990, the court found that the financing statement relied upon by appellants was defective and improperly filed. The court accordingly directed that the assets at issue be turned over to the receiver, Babb.

Appellants timely filed a notice of appeal, and submit the following assignments of error for review:

Assignment of Error No. 1:

"The trial court erred to the prejudice of the defendant in its determination that the defendant was not a secured creditor."

Assignment of Error No. 2:

"The trial court erred to the prejudice of the defendant in its determination that omission of the Recorder of Clinton County, Ohio not to index the financing statement under the business 'Port Feed Mill' as well as the individual name 'Tom Davis' effected a lack of compliance with the provisions of Section 1309.39, Ohio Revised Code, by the defendant."

Assignment of Error No. 3:

"The Court erred to the prejudice of the defendant in its determination that the items listed in the financing statement were 'unencumbered' and thus granting a priority to seizure by the Director of Agriculture."

Before discussing the merits of appellants' assignments, however, we must rule upon Maurer's November 6, 1990 motion to dismiss for lack of a final appealable order. In pertinent part, Civ.R. 54(B) provides that "when more than one claim for relief is presented in an action, * * * the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." If the judgment does not contain an express determination that there is no just reason for delay, the judgment is not final and not reviewable. *State, ex rel. Jacobs, v. Municipal Court* (1972), 30 Ohio St.2d 239, 59 O.O.2d 298, 284 N.E.2d 584.

Paragraph ten of the court's judgment entry states "that there is no just cause for delay in rendering final judgment as set forth herein." Since the trial court's entry contains the necessary Civ.R. 54(B) language, we find its decision constituted a final appealable order and overrule Maurer's motion.

Appellants' first assignment of error maintains that the financing statement properly perfected a secured claim in Port's assets. Specifically, appellants argue that the financing statement filed with the Clinton County Recorder on October 19, 1988 substantially complies with Ohio law and is therefore sufficient to perfect a security interest.

■ R.C. 1309.38(A)(4) mandates that in order to perfect a security interest in property other than consumer goods, equipment used in farming or farm products, or timber and minerals, the proper place to file is the office of the county recorder in the county of the debtor's place of business *and* the office of the Secretary of State. When a financing statement which requires a "dual" filing is filed in only the county recorder's office, the security interest it purports to perfect is unperfected. *Farmers State Bank & Trust Co. v. Reir* (Feb. 27, 1986), Darke App. No. 1139, unreported.

Although appellants filed the financing statement with the Clinton County Recorder on October 19, 1988, the court below found that no statement was filed with the Office of the Secretary of State. Appellants thus failed to comply with the requirements of R.C. 1309.38(A)(4), and failed to perfect a security interest in Port's assets.[1]

■ Moreover, even if appellants had properly filed the financing statement, they failed to establish Port as the debtor. According to R.C. 1309.14, a security interest is not enforceable against the debtor unless the secured party possesses the collateral.pursuant to agreement, or the debtor has signed a security agreement. A "debtor" is defined by R.C. 1309.01(A)(4) as "the person who owes payment * * *."

In the case *sub judice*, Davis signed the July 20, 1988 security agreement individually without any indication as to his capacity as the corporation's president. In so doing, only Davis, and not Port, was obligated under the security agreement. The failure of the corporation to properly execute the security agreement precludes the perfection of appellants' security interest in the corporation's assets.

■ Appellants argue that despite the errors and [i]naccuracies discussed above, the financing statement substantially complies with R.C. 1309.39 and is therefore sufficient to perfect their security interest. Appellant's argument is supported by *Steego Auto Parts Corp. v. Markey* (1981), 2 Ohio App.3d 200, 202, 2 OBR 218, 220, 441 N.E.2d 279, 281. In *Steego*, the Fulton County Court of Appeals held that "inaccuracies in a financing statement do not make it ineffective unless the errors are seriously misleading." The court found that the name change of another creditor (a bank) was not seriously misleading since parties searching the record were still provided with the necessary notice of the interest in the collateral.

---

1. Appellants did not assign as error the portion of the trial court's findings which held that appellants had no valid security interest in Port's motor vehicles since the vehicle's titles failed to note any liens as required by R.C. 4505.13(B).

However, the financing statement in the present case does not provide potential creditors with any notice of appellant's interest in Port's collateral. The financing statement identifies an individual as the debtor rather than the corporation. A creditor looking for security interests under Port's name could not be expected to find a financing statement indexed under Davis' name. This point is corroborated by the testimony of a department of agriculture inspection manager who stated that his examination of public records in Clinton County failed to reveal any financial statements filed against Port. Thus, the statement failed to fulfill its basic purpose of notifying potential creditors of the existence of a security interest.

In *In re My Place or Yours, Inc.* (D.Vt.1983), 34 B.R. 197, the court addressed the issue of whether filed financing statements that identified the debtor as two individuals doing business under a trade name sufficiently put prospective creditors on notice of a security interest in the corporation's property. The court found the designation of the debtor as an individual, when the "true" debtor was a corporation, to be seriously misleading. By filing under the individual's name, the court reasoned, no notice of the debtor corporation's name was afforded to those parties searching the filing system.

Due to the lack of notice the instant financing statement provided to prospective creditors, its inaccuracies cannot be deemed minor. As a result, we find appellants failed to properly perfect their security interest in Port's assets and overrule the first assignment of error.

In their second assignment of error, appellants contend that the Clinton County Recorder's failure to properly index the financing statement under Port's name should not invalidate the statement. The evidence shows that the recorder indexed the financing statement under "D" for Tom Davis, but not "P" for Port. The court found the recorder's customary filing practice is to index the statement under the first letter of the debtor's name.

In *In re My Place or Yours, Inc., supra,* the Secretary of State's Office filed a financing statement which designated the debtor as two individuals doing business as a trade name separately under each of the individual's names. The town clerk's office, meanwhile, indexed the statement under the business's name as a fictitious business name in addition to the individual's names, but did not record it under the corporation's name. The court found both statements were properly filed since the statements listed the debtors as two individuals doing business under a trade name.

The recorder in the case at hand received a financing statement which listed the debtor as "Davis, Tom dba Port Feed Mill" and correctly indexed the statement under "D," the first letter of Davis' name. Appellants have failed to provide any statute or case which further obligates the recorder to index

the statement under the first letter of the trade name following the "dba" entry. Having determined that the recorder properly filed the statement, we overrule the second assignment of error.

■ Under the third assignment of error, appellants claim that the trial court's finding that Port's assets were unencumbered impermissibly gave Maurer priority as to the assets. Appellants contend that R.C. 926.021 limits Maurer to claims involving "agriculture commodity assets and/or funds, property or equity that can be directly traced to the sale of agricultural assets."

A review of the June 6, 1990 judgment entry, however, reveals that the trial court made no decision concerning the priority of claims to Port's assets. Furthermore, the court did not make a finding that the assets were unencumbered. The trial court's failure to rule on this issue precludes appellate review. Accordingly, we find no merit to appellants' third assignment of error.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed, and appellee's motion to dismiss is hereby overruled.

*Judgment affirmed.*

JONES, P.J., KOEHLER and WILLIAM W. YOUNG, JJ., concur.