In re Virginia M. DeVINCENT, Debtor.

Louis J. Yoppolo, Trustee, Plaintiff,

v.

Carmen M. Trombley, Defendant.

Bankruptcy No. 98–3251.
Related No. 98–33676.

United States Bankruptcy Court,
N.D. Ohio.

April 19, 1999.

Edward L. Snyder, Holland, OH, for defendant.

## MEMORANDUM OPINION AND DECISION

RICHARD L. SPEER, Chief Judge.

This cause Comes before the Court upon the Plaintiff's Motion for Summary Judgment and Memorandum in Support; and the Defendant's Motion in Opposition and Memorandum in Support. This Court has now reviewed the arguments of counsel, exhibits, as well as the entire record in the case. Based upon that review, and for the following reasons, the Court finds that the Plaintiff's *Motion for Summary Judgment* should be GRANTED.

### FACTS

On August 21, 1998, Virginia M. DeVincent (hereinafter Debtor) filed for relief under Chapter 7 of the United States Bankruptcy Code. At the time of the Debtor's bankruptcy petition, the Debtor had an Interest in a 1995 Dodge Neon which was purchased from and financed by Carmen M. Trombley (hereinafter Defendant), a sister of the Debtor. As part of the transaction between the Debtor and the Defendant, a promissory note was drafted and signed by both of the Parties. In addition, the Defendant was noted as a lienholder on the automobile's certificate of title.

Thereafter, on October 19, 1998, Louis Yoppolo (hereinafter Plaintiff), the duly appointed Trustee in the Debtor's Chapter 7 case, filed a Complaint, pursuant to § 544 of the United States Bankruptcy Code, seeking to avoid the Defendant's security interest and lien on the grounds that the promissory note lacked the requisite language to create a security interest in the vehicle. The Defendant, however, asserts that she has a perfected lien on the automobile as a result of the promissory note executed by the Debtor and the Defendant, and the lien noted on the vehicle's certificate of title.

### LAW

Ohio Revised Code, § 1309.22, states in pertinent part:

**When security interest is perfected; continuity of perfection; effect of prior security interest**

(A) A security interest is perfected when it has attached and when all of the applicable steps required for perfection have been taken....

Ohio Revised Code, § 1309.14, provides in relevant part:

**Enforceability of security interest; proceeds, formal requisites; when security interest attaches**

(A) Subject to the provisions of section 1304.20 of the Revised Code on the security interests of a collecting bank, section 1308.36 of the Revised Code on security interests in securities, and section 1309.11 of the Revised Code on a security interest arising under sections 1302.01 to 1302.98 of the Revised Code, a security interest is not enforceable against the debtor or third parties with respect to collateral and does not attach unless:

(1) The collateral is in the possession of the secured party pursuant to agreement, or the debtor has signed a security agreement which contains a description of the collateral ...; and

(2) Value has been given; and

(3) The debtor has rights in the collateral.

(B) A security interest attaches when it becomes enforceable against the debtor with respect to the collateral. Attachment occurs as soon as all of the events specified in division (A) of this section have taken place unless explicit agreement postpones the time of attaching.

## DISCUSSION

This cause of action comes before this Court upon the Plaintiff's Motion for Summary Judgment. Under the Federal Rules of Civil Procedure, made applicable to this proceeding by Bankruptcy Rule 7056, a Summary Judgment Motion will only be granted upon the moving party demonstrating that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Fed.R.Civ.Pro. 56(c). In making this determination, this Court will only consider the materials which have been presented to it, including the pleadings, affidavits, motions and other evidentiary materials which would be admissible at trial. *Lockhart v. Hoenstine,* 411 F.2d 455 (3rd Cir. 1969), *cert. denied,* 396 U.S. 941, 90 S.Ct. 378, 24 L.Ed.2d 244 (1969). Additionally, all inferences drawn from the facts will be viewed in a light most favorable to the nonmoving party. *Matsushita v. Zenith Radio Corp.,* 475 U.S. 574, 586–88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *R.E. Cruise, Inc. v. Bruggeman,* 508 F.2d 415, 416 (6th Cir.1975).

■ The Plaintiff asks this Court to find that the security interest in the motor vehicle in question is unperfected, and therefore void pursuant to 11 U.S.C. § 544. This section, which is known as the "strong arm" clause, confers upon the bankruptcy trustee the status of a hypothetical judicial lienholder allowing the trustee to take priority over liens and security interests against the debtor's bankruptcy estate which were not perfected or which were improperly perfected under the applicable state law prior to the debtor's bankruptcy filing. *Hunter v. Snap-on Credit Corp. (In re Fox),* 229 B.R. 160, 166 (Bankr.N.D.Ohio 1998). However, it is not even necessary to visit the issue of perfection until it has been determined that a valid security interest exists in the vehicle in dispute.

■ In a bankruptcy proceeding, property rights are determined by reference to applicable state law, which in this case is O.R.C. § 1309.14. *Nobelman v. American Sav. Bank,* 508 U.S. 324, 329, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993) *Butner v. United States,* 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979); *In re DWE Screw Products,* 157 B.R. 326, 330 (Bankr. N.D.Ohio 1993); *In re Victoria Hardwood Lumber,* 95 B.R. 947, 952 (Bankr.S.D.Ohio 1988) (citing H.R. No. 95–595, 95th Cong., 1st Sess. at 314 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787). Under O.R.C. § 1309.14, the following three elements, at a minimum, must be established for a non-possessory security interest to attach (i.e., the initial steps necessary for a security interest to be enforceable against the debtor or third parties) to any collateral:

(1) the debtor has signed a written security agreement which contains a description of the collateral;

(2) value has been given; and

(3) the debtor has rights in the collateral.

*National City, Bank, Northeast v. Specialty Tires of America, Inc.,* 109 Ohio App.3d 387, 391–92, 672 N.E.2d 232, 235 (1996). Under the factual circumstances presented in this case, the Plaintiff does not dispute that value has been given as a result of the transaction between the Defendant and the Debtor, nor does the Plaintiff dispute that the Debtor has rights in the collateral. Thus, the only part of O.R.C. § 1309.14 which presents an issue in this case is section (A)(1), which requires that the debtor sign a security agreement describing the collateral.

■ It is axiomatic that in order to meet the requirement of O.R.C. § 1309.14(A)(1), the signed document constituting the purported security agreement must have been entered into with the intent to create a security interest. O.R.C. § 1309.02(A)(1).[1] *Silver Creek Supply v. Powell*, 36 Ohio App.3d 140, 144, 521 N.E.2d 828, 832 (1987). In making this determination, the language contained in the document must be the starting point. However, no specific words or formalized documents are necessarily required. *Id.* citing *Steego Auto Parts Corp. v. Markey*, 2 Ohio App.3d 200, 203, 441 N.E.2d 279 (1981). Rather, the fact finder must only ascertain whether there was language in the instrument which would lead to the "logical conclusion that it was the intention of the parties that a security interest be created." *Sommers v. International Business Machines*, 640 F.2d 686, 689 (5th Cir.1981) quoting *Mitchell v. Shepherd Mall State Bank*, 458 F.2d 700, 703 (10th Cir.1972).

■ In the present case, the promissory note executed by the Parties provides as follows:

Virginia M. DeVincent will purchase from Carmen M. Trombley a 1995 Dodge Neon, VIN IB3ES42C2SD359474, on August 17, 1998 for the sum of $3,500.00. Payable in monthly installments of $ 150.00, commencing on September 17, 1998. /s Virginia M. DeVincent & Carmen M. Trombley.

After closely, examining the foregoing language, this Court can find absolutely no indication that it was the intent of the Defendant and the Debtor to create a security interest. Thus, given the fact that Under Ohio law a promissory note, standing alone, does not grant to the holder of the note any actual interest in any specific piece of property, this Court cannot come to the logical conclusion that it was the intention of the Parties', vis-a-vis the promissory note, to create a security in the Debtor's vehicle. *See Dayton Morris Plan Bank v. Graham*, 47 Ohio App. 310, 317, 191 N.E. 817, 821 (1934). (Under Ohio law, a promissory note is nothing more than a legally enforceable promise to pay a certain amount of money); *see also Dept. of Taxation v. Weber*, 94 Ohio App. 511, 513, 113 N.E.2d 141, 142 (1953).

■ However, notwithstanding the lack of intent exhibited in the Parties' promissory note to create a security interest, there is a growing trend among Ohio courts to review all the documents between the parties to determine whether a sufficient *written* foundation has been established for the creation of a security interest. *Silver Creek Supply* at 144, 521 N.E.2d 828 (emphasis in original). This is known as the "composite documents" theory and mandates the consideration of all relevant documents which may demonstrate the intent of the parties to create a security interest in the property. In *Zoltanski v. Production Credit Ass'n. (In re Hite)*, this Court specifically recognized the composite document principle, holding, that a financing statement in conjunction with other documents could, in appropriate circumstances, suffice as a valid security interest. 4 B.R. 547, 549–50 (Bankr. N.D.Ohio 1980); *see also In re Smith*, 47 B.R. 482, 484 (Bankr.N.D.Ohio 1985). Along this line, the Defendant argues that as the vehicle's certificate of title lists the Defendant as a lienholder, this notation, in combination with the Parties' promissory note, demonstrates the necessary intent to create a security interest in the vehicle. However, the Court rejects this argument.

■ Under the composite document principle, the extrinsic documentation

1. Section 1309.20(A)(1) provides that "[e]xcept as otherwise provided in section 1309.04 of the Revised Code on excluded transactions, sections 1309.01 to 1309.50 of the Revised Code apply to any transaction, regardless of its form, which is intended to create a security interest in personal property or fixtures, including goods, documents, instruments, general intangibles, chattel paper, or accounts...."

which is used to support the security interest must, at a minimum, give to a third-party a reasonable indication that it was the intent of the parties to the transaction to create a security interest. However, the placing of a supposed lien on a motor vehicle's certificate of title simply does not rise to this level. This conclusion is based upon the fact that under Ohio law a financing statement, in and of itself, does not exhibit the requisite intent to create security interest. *Silver Creek Supply v. Powell,* 36 Ohio App.3d 140, 145–47, 521 N.E.2d 828, 833–34 (1987). Thus, since the notation of a lien on a vehicle's certificate of title serves the same function as the filing of a financing statement,[2] this Court will not infer from such a notation the intent to create a security interest therefrom. *See Baystate Drywall Inc. v. Chicopee Savings Bank,* 385 Mass. 17, 22, 429 N.E.2d 1138, 1142 (1982) (security interest in a motor vehicle cannot be created just by completing the process prescribed by a certificate of title statute, nor does a reference to a lien stated on a title certificate alone constitute a security agreement); *see also Shelton v. Erwin,* 472 F.2d 1118, 1120 (8th Cir.1973); *White v. Household Fin. Corp.,* 158 Ind.App. 394, 406, 302 N.E.2d 828 (1973). Consequently, since both a simple promissory note and the notation of a supposed lien on a vehicle's certificate of title do not alone exhibit the requisite intent to create a security interest under section 1309.14 of the Ohio Revised Code, this Court cannot find, under the circumstances presented in this case, that the two documents standing together demonstrate that the Debtor and the Defendant intended to create a security interest in the vehicle in question.

Accordingly, it is

**ORDERED** that the Motion for Summary Judgment by the Plaintiff, Louis J.

Yoppolo, Trustee, be, and is hereby, GRANTED.

It is **FURTHER ORDERED** that Louis J. Yoppolo, as Trustee of Virginia M. DeVincent's Chapter 7 bankruptcy case, take Virginia M. DeVincent's interest in a 1995 Dodge Neon (V.I.N. No. 1 B3ES42C2SD359474) free and clear of any security interest that the Defendant, Carmen M. Trombley, may claim in the vehicle.

---

**2.** Ohio's Certificate of Motor Vehicle Title Act prescribes that except for vehicles held as inventory, the notation of a lien on the vehicle's certificate of title is the exclusive mechanism by which a security interest in a motor

vehicle is perfected. O.R.C. §§ 1309.21(C)(2) and 4505.13. *See Levin v. Nielsen,* 37 Ohio App.2d 29, 66, 66 O.O.2d 52, 306 N.E.2d 173, 186 (1973).