The State, ex rel. Jacobs, Appellant, *v.* Municipal Court of Franklin County, Ohio, et al., Appellees.

[Cite as State, ex rel. Jacobs, v. Municipal Court (1972), 30 Ohio St. 2d 239.]

(No. 71-269—Decided June 14, 1972.)

240

*Messrs. Campbell & Hadden* and *Mr. E. Bruce Hadden,* for appellant.

*Mr. George C. Smith,* prosecuting attorney, for appellee Municipal Court of Franklin County and Judge Kenneth L. Sater.

*Messrs. Crabbe, Newlon, Potts, Schmidt, Brown & Jones, Mr. Theodore D. Sawyer, Mr. Glenn B. Redick* and *Mr. John W. Hilbert, II,* for appellees Marty Darst and Catherine L. Pyne.

O'NEILL, C. J. Appellant asserts that a Municipal Court judge has no jurisdiction to determine the propriety of a third-party complaint or to determine whether the is-

sues raised therein should be severed or tried separately from the primary claim. Thus, appellant contends, "the only reasonable way to effectuate the purpose and intent of * * * [Rule 14] is to require certification to the Common Pleas Court of those actions in which the demand for judgment is in excess of the jurisdiction of a particular municipal court."

This court disagrees and holds that it is incumbent on a trial judge, when objection is made thereto, to determine the propriety of a third-party complaint. Additionally, this court holds that, under Civ. R. 14(A), a trial judge has discretion to determine whether a third-party complaint should be tried with the primary claim, severed from it, or be tried separately.

This does not mean that such a determination is in the uncontrolled discretion of the trial judge; rather, such discretion is to be exercised only after it is determined that the allowance or denial of the third-party claim is consistent or inconsistent with the *purposes* of Civ. R. 14(A). See *Schwab* v *Erie Lackawana Rd. Co.* (C. A. 3, 1971), 438 F. 2d 62; *Lincoln Gateway Realty Co.* v. *Carri-Craft* (W. D. Mo. W. D. 1971), 53 F. R. D. 303; *Noland Co.* v. *Graver Tank & Mfg. Co.* (C. A. 4, 1962), 301 F. 2d 43; *United States Fidelity & Guaranty Co.* v. *Perkins* (C. A. 10, 1968), 388 F. 2d 771. See, also, 6 Wright and Miller, Federal Practice and Procedure, 209-214, Section 1443. Among others, the purpose of Civ. R. 14 is to promote judicial efficiency by avoiding a circuity of actions; to consolidate separate actions that should be tried together; to avoid a duplication of testimony and evidence; and to avoid inconsistent verdicts on identical or similar evidence or testimony.

In addition, Civ. R. 14(A) sets forth an express condition which must be satisfied before a third party may be impleaded. "[a] defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against

him." This language presupposes that the liability sought to be "passed on" by the third-party claim arose out of the transaction or occurrence which is the subject matter of the primary claim. The transaction or occurrence which forms the subject matter of the primary claim must be the same transaction or occurrence that gives rise to legal rights in the defendant against the third-party defendant. If the claim asserted in the third-party complaint does not arise because of the primary claim, or is in some way derivative of it, then such claim is not properly asserted in a third-party complaint. See *Lincoln Gateway Realty Co.* v. *Carri-Craft, supra* (53 F. R. D. 303); *Joe Grasso & Son* v. *United States* (S. D. Tex. 1966), 42 F. R. D. 329; *Aetna Casualty & Surety Co.* v. *Kochenour* (M. D. Pa. 1968), 45 F. R. D. 248; *Donaldson* v. *United States Steel Corp.* (W. D. Pa. 1971), 53 F. R. D. 228. See, also, 5 Wright and Miller, Federal Practice and Procedure, 245-259, Section 1146.

Such is the instant case. The primary claim is based upon contract and seeks to recover the rental charges for the use of the vehicle. The parties sought to be impleaded are strangers to that contract, and neither the circumstances surrounding that transaction nor the issues to be decided therein form the subject matter of the third-party complaint. Civ. R. 14(A) does not allow third-party plaintiffs the right to implead individuals "who are complete strangers to the events involved in the" primary claim. *Donaldson* v. *United States Steel Corp., supra* (53 F. R. D. 228, at 230).

This conclusion is made more apparent when it is considered that the judgment in the primary claim has no effect on the third-party claim. It would still have to be determined whether the alleged tort-feasors were negligent; whether their negligence was the proximate cause of the accident; whether appellant was contributorily negligent; and the appropriate measure of damages, if any. Furthermore, no purpose of Civ. R. 14 would be achieved by allowing the claim. It would not avoid a duplication of testimony

or evidence, for the two claims are entirely separate and independent. There are no facts or legal issues common to the two claims. Nor would it avoid an inconsistent verdict because the validity of the third-party claim is in no way dependent upon or derivative of the primary claim. Moreover, it would not avoid a multiplicity of actions, for these are separate and independent claims which should not be tried together. Thus, we conclude that the trial judge properly dismissed the third-party complaint.

Appellant also contends that the Court of Appeals erred in holding that the demand for damages in the third-party complaint is limited to the amount demanded in the original complaint. This court agrees.

Civ. R. 18(A) provides that "a party asserting a claim to relief as * * * [a] third-party claim, may join, either as independent or as alternate claims, as many claims, legal or equitable, as he has against an opposing party."

This rule allows other claims to be joined with the third-party claim; however, it presupposes that a valid third-party claim first exists. "Thus, it is now clear that, as a matter of pleading, *once a defendant has asserted a claim suitable for impleader* under Rule 14(A) he may join with it all of his other claims against the third-party defendant." (Emphasis added.) Wright, Federal Courts, 334, Section 76. But where no valid third-party claim is asserted, Rule 18(A) has no application because an independent claim cannot be made the basis upon which to implead a third party. See *Schwab* v. *Erie Lackawana Rd. Co., supra* (438 F. 2d 62); *Noland Co.* v. *Graver Tank & Mfg. Co., supra* (301 F. 2d 43); *Horn* v. *Daniel* (C. A. 10, 1962), 315 F. 2d 471; *Crompton-Richmond Co.* v. *United States* (S. D. N. Y. 1967), 273 F. Supp. 219. Because appellant attempted to implead appellees upon the basis of an independent claim, Civ. R. 18(A) did not apply. Thus, the trial judge properly dismissed the third-party complaint.

Appellant correctly concedes that an order dismissing a third-party complaint is not a final appealable order. Unless there is "an express determination that there is no just

reason for delay'' (see Rule 54(B)), the order is not final and hence not appealable. *Whitaker-Merrell* v. *Geupel Co.* (1972), 29 Ohio St. 2d 184. See, also, *Coulter* v. *Sears, Roebuck & Co.* (C. A. 5, 1969), 411 F. 2d 1189; *Thompson* v. *American Airlines* (C. A. 5, 1970), 422 F. 2d 350; *Allegheny Airlines* v. *LeMay* (C. A. 7, 1971), 448 F. 2d 1341.

Although the aforementioned cases involve direct appeals they are equally applicable in the instant case. Instead of appealing from the order dismissing the third-party complaint, appellant attempts to have the ''correctness'' of the trial judge's decision reviewed and determined under the guise of seeking a writ of procedendo. The policy against fragmented appeals may not be circumvented by such a procedure. Compare *State, ex rel. Smith,* v. *Friedman* (1970), 22 Ohio St. 2d 25, 257 N. E. 2d 386; *State, ex rel. Cochran,* v. *Quillin* (1969), 20 Ohio St. 2d 6; 251 N. E. 2d 607; *State, ex rel. Federated Dept. Stores,* v. *Brown* (1956), 165 Ohio St. 521, 138 N. E. 2d 248.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

SCHNEIDER, HERBERT, CORRIGAN, STERN and LEACH, JJ., concur.

BROWN, J., not participating.