## Schroeder v. Tennill
*[Cite as 6 AOA 139]*

*Case No. CA-8123*
*Stark County, (5th)*
*Decided August 27, 1990*

*Gregory A. Beck, Baker, Meekison & Dublikar, 205 Mellett Building, Canton, Ohio 44702, for Appellants.*

*Gerald L. Baker, 3711 Whipple Avenue N.W., Canton, Ohio 44718, for Appellee.*

MILLIGAN, J.

Charles Schroeder, while operating a motor vehicle, was injured in a collision with a motor vehicle operated by James Tennill.

The generic portion of this action is the personal injury complaint of Schroeder against Tennill.

The automobile James Tennill was driving was owned by his sister, Patricia A. Tennill, who was the named insured in a policy issued to her by Cincinnati Insurance Company.

James Tennill filed a third-party complaint in which he alleged that he was operating his sister's vehicle with her permission and seeking a declaration that he was entitled to protection under the Cincinnati policy issued to Patricia Tennill.

James Tennill filed a motion for summary judgment. Cincinnati Insurance filed a motion to dismiss the third party complaint. The trial court overruled the motion for summary judgment, *sub silentio*, and granted the motion to dismiss, finding no just cause for delay.

James Tennill appeals assigning two errors:

"ASSIGNMENT OF ERROR NO. I
THE TRIAL COURT ERRED WHEN IT DISMISSED APPELLANT'S THIRD-PARTY CLAIM INASMUCH AS THIS WAS THE PROPER METHOD FOR DETERMINING APPELLANT'S RIGHTS UNDER THE IN-SURANCE POLICY ISSUED BY CINCINNATI INSURANCE.

"ASSIGNMENT OF ERROR NO. II
THE TRIAL COURT ERRED WHEN IT DENIED SUMMARY JUDGMENT IN FAVOR OF APPELLANT INASMUCH AS THERE WERE NO GENUINE ISSUE OF MATERIAL FACT AND REASONABLE MINDS COULD ONLY CONCLUDE THAT APPELLANT WAS A PERMISSIBLE USER ENTITLED TO COVERAGE."

The trial court favors us with no explanation of his rationale.

## I

*Final, appealable judgment.* Appellee, Cincinnati Insurance, does not contest the claim that the trial court judgment, dismissing the third-party complaint with a Civ. R. 54(B) representation, is a final appealable order. *State, ex rel. Jacobs v. Municipal Court* (1972), 30 Ohio St.2d 239, 284 N.E.2d 584.

*Third-party declaratory judgment complaint.* The procedural mechanism employed by James Tennill to determine the responsibility, if any, of the company that insured the automobile he was driving owned by another is an appropriate procedure. R.C. 2721.01, *et seq.* Civ. R. 14(A).

Judicial economy is promoted by liberal interpleader, when the issues arise out of the transaction or occurrence which is the subject matter of the primary claim. *Jacobs, supra.*

Although appellant is not a named insured, he is a "person using your (insured) covered auto," within the ambit of Cincinnati policy, PART A - LIABILITY COVERAGE.

*The merits.* By its own terms, appellant is a "covered person" entitled to the liability protection of the policy unless the consent to operate exceptions apply. The policy provides:

"We do not provide liability coverage for any person:

"***

"(8) using a vehicle without a reasonable belief that that person is entitled to do so."

Cincinnati Insurance Company policy.

Cincinnati Insurance makes no argument that declaratory judgment--third-party complaint is an inappropriate remedy. Rather, in their brief, they address only questions of:

(1) whether James Tennill had permission to operate the motor vehicle;

(2) whether the insured breached its duty of cooperation terminating the contractual obligation;

(3) whether the trial court abused his discretion.

The appellee does not separately address each of the assigned errors.

We conclude that the trial court erred in dismissing the third-party complaint as a matter of law. As noted above, the third-party complaint does state a cause of action for which a remedy is appropriate as an adjunct to the generic personal injury case. The first assignment of error is sustained.

## II

The summary judgment proceedings, not the motion to dismiss, bring the merit issues before the trial court.

The overruling of the motion for summary judgment, filed by the cross-claiming defendant-appellant, is reviewable when the moving party suffers a subsequent adverse final judgment. *Balson v. Dodds* (1980), 62 Ohio St.2d 287, 405 N.E.2d 393.[1]

"(E) Form of Affidavits; Further Testimony; Defense Required. Supporting and opposing affidavits shall be made on personal knowledge,

shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

Civ. R. 56(E).

In support of Tennill's motion for summary judgment, he filed an affidavit reciting *inter alia,* that he had used the auto in question in the past and had been given permission to do so by his sister whenever "his vehicle was inoperable and he needed transportation to work; had been using the car for about a week before the accident because his car had a defective muffler; was driving at work on his lunch break when the accident occurred. He further claimed that he was never instructed he could not use the car and at the time of the accident his sister "was aware that James Tennill was using her vehicle to travel to and from work."

*This is the only evidence on the issue of consent presented to the trial court.*

We conclude that the motion was "supported" as provided in Civ. R. 56(E) and that appellee failed to respond, as required by the rule. See *Celotex Corp. v. Catrett* (1986), 106 S.Ct. 2548; *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 526 N.E.2d 798.

Appellee's argument that there is a genuine issue of material fact as to whether Tennill had permission to use the automobile misses the mark.[2]

Appellee also argues that the insurance contract is not enforceable because of the failure of the insured to cooperate with the insurance company. The policy provides:

"A person seeking any coverage must:

'(1) cooperate with us in the investigation, settlement or defense of any claim or suit.'"

Cincinnati claims, and appellant apparently concurs, that the owner of the car and the insured, Patricia Tennill, has disappeared. Cincinnati claims that her disappearance denies to them the opportunity to learn whether she gave consent to James Tennill to operate the motor vehicle.

The appellee persuaded the trial court that the burden of locating the insured should befall her brother, the appellant. The court granted a pre-trial thirty-day extension so that the appellant could find his sister.

It is clear from an examination of the memorandum contra and motion to dismiss, filed by Cincinnati, and its documents attached, that Cincinnati has not complied with the mandate of Civ. R. 56(E) so as to raise and support a *bona fide* issue of want of cooperation as a defense to liability and duty to defend in the summary judgment proceedings.

Thus, on both the issue of permission to operate and non-cooperation appellees have failed to present affidavits or other testimonial assertions that would create a genuine issue of material fact.

The trial court erred in overruling, *sub silentio,* the motion for summary judgment.

The second assignment of error is sustained.

The February 1, 1990, judgment dismissing the third-party complaint and dismissing the third-party defendant in the within action is reversed and this cause is remanded to the Stark County Common Pleas Court for further proceedings according to law.

SMART, J., and GWIN, J., concur.

---

[1] The curious procedural paradox is that if the trial court had not granted the motion to dismiss, the cause would have been determined on the merits, and appeal would not have availed as to the *sub silentio* overruling of the summary judgment motion.

[2] In its brief, it claims, "The affidavit is not subject to cross-examination, nor have depositions been taken...." The appellee further claims that the affidavit is a "self-serving declaration." "We do not know for sure if that is the case." Appellee misses the import of Civ. R. 56 and failed to avail of the option granted in Civ. R. 56(F).

For purposes of summary judgment, a self-serving affidavit, unchallenged, justifies a finding that reasonable minds can come to the conclusion that the claim is true.

The motion for summary judgment was filed September 6, 1989, continuances were granted, and not until January 8, 1990, did Cincinnati file its memorandum contra and its motion to dismiss.