OPINION
{¶ 1} Through the end of 1995, Paul Amann, the founder of Advance Production Center, Inc., had been the Vice President and General Manager of appellee Emco Maier Corporation. During the time Amann worked for appellee, appellee sold at least thirty-seven machines called the model ET-425. The ET-425 machine is an automated computer numerically controlled lathe that automatically produces finished machine parts from steel bars. While employed by appellee, Amann communicated with appellee's parent company in Austria regarding problems in the United States with the machines. Amann was intimately familiar with the problems the machine posed, and at one point during his employment with appellee, Amann referred to the machines as "lemons."
{¶ 2} At the end of 1995, Amann founded appellant Advanced Production Center. He purchased four model E-425 machines that were installed at appellee's Columbus Production Center. The machines carried a twelve-month warranty. Almost immediately after the machines were acquired by appellant, they began to cause production problems. Throughout 1996, appellant experienced repeated problems with the machines. Between January and July of 1996, one of the machines interrupted production 38 times, one machine interrupted production 19 times, one machine interrupted production 171 times, and the final machine interrupted production 241 times. Appellant sent several notices to appellee regarding the problems they were experiencing with their machines, and advised appellee of the problems via 53 memos drafted between January 5, 1996, and February 26, 2000. In November of 1999, appellee fixed the machines to appellant's satisfaction.
{¶ 3} On November 3, 2000, appellant filed the instant action against appellee claiming breach of warranty and fraud. Appellant claimed that the purchase of the machines was induced by express warranties and representations made by appellee in the sales brochures. Appellant asserted that the machines came with a twelve-month warranty and that within the warranty, appellant experienced problems with the machines. Appellant claimed that appellee attempted to fix the problems, but such attempts failed, breaching both the express warranty contained in the sales brochure, the express twelve-month warranty and the implied warranty of fitness.
{¶ 4} Appellant further alleges that between 1997 and 2000, appellee modified the clamping cylinders used on the machines, representing that the modified cylinders would operate in a good and workmanlike manner. Appellant alleged that it relied on this representation in deciding to purchase the modified cylinders, which were in fact the same as the old cylinders.
{¶ 5} Appellee moved for summary judgment. The Delaware County Common Pleas Court found that the breach of warranty claims were barred by the four year statute of limitations found in R.C. 1302.98(A). The court found that there were no disputed facts on the claim for fraud, and further, that the claim for fraud was not pled with specificity pursuant to Civ.R. 9(B). The court therefore granted the motion for summary judgment, and dismissed the complaint. Appellant assigns a single error on appeal:
{¶ 6} "The Trial Court Erred In Granting Appellee's Motion For Summary Judgment."
{¶ 7} Summary judgment is appropriate where there is no dispute as to any material fact, and the moving party is entitled to judgment as a matter of law, construing the evidence most strongly in favor of the non-moving party. Civ.R. 56(C).
{¶ 8} We first address appellant's argument that the court erred in finding the breach of warranty claim barred by the statute of limitations. R.C. 1302.98 provides that an action for breach of a contract for sale must be commenced within four years after the cause of action has accrued. The statute further provides that a breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance, the cause of action accrues when the breach is or should have been discovered.
{¶ 9} The first claim for breach of warranty was based upon representations in the sales brochure. The warranty in the brochure does not explicitly extend to future performance, and the cause of action therefore accrues on delivery of the machines in January of 1996. The statute of limitations expired in January of 2000, and the complaint was filed in November of 2000, well outside the four year statute of limitations. Appellant claimed that the warranty was extended until November of 1999. While appellant did not bring forth specific facts to support this claim, even if the warranty was extended to future performance, the statute of limitations would still begin to run on the date the breach was or should have been discovered. The undisputed evidence shows that appellant discovered the breach of warranty in January of 1996, and the complaint would still be time-barred.
{¶ 10} As to the express twelve-month warranty, this warranty does specifically extend to future performance. However, pursuant to the statute, the cause of action accrued when appellant discovered, or should have discovered the alleged breach, or when appellant first discovered that the machines malfunctioned. The evidence is undisputed that the machines began to malfunction in January of 1996, and that at this time, appellant repeatedly advised appellee of dissatisfaction with the machines. The evidence demonstrated that Amann drafted various memos outlining the specific problems he found with the machines, and asking appellee to fix the problems. Therefore, the statute of limitations expired in January of 2000.
{¶ 11} Appellant argues that it did not discover the breach until November of 1999, when it learned that new parts were available to correct the problems. The fact that appellant discovered in November of 1999 that new parts were available does not change the fact that in January of 1996, appellant was aware that the machines did not conform to the warranty that they would be free of defects for twelve months.
{¶ 12} As to the breach of implied warranty, again, the evidence is undisputed that appellant discovered the machines did not comply with the implied warranty of fitness in January of 1996, and thus the statute of limitations expired before the complaint was filed.
{¶ 13} We next address appellant's claim that there are genuine issues of disputed fact concerning the claim for fraud.
{¶ 14} To prove fraud, a plaintiff must establish the following elements: (1) a representation, or silence where there is a duty to disclose, (2) which is material to the transaction, (3) made falsely, with knowledge of its falsity, or with such utter disregard as to its truth that knowledge may be inferred, (4) with the intent to mislead another into relying on it, (5) justifiable reliance on the representation, and (6) resulting injury proximately caused by the reliance. E.g., Williams v. Aetna Financial Co. (1998), 83 Ohio St.3d 464,475. Fraud is committed by a failure to disclose only when the person is under a duty to disclose, and the duty to disclose arises when one party has information that the other party is entitled to know because of a fiduciary or another similar relation of trust and confidence between them. Fed. Mgt. Co. v. Coopers Lybrand (2000), 137 Ohio App.3d 366,383-384. In business transactions where parties deal at arms length, each party is presumed to have the opportunity to ascertain relevant facts available to others similarly situated, and therefore, generally neither party has a duty to disclose material information to the other. Blon v. Bank One (1988), 35 Ohio St.3d 98, 101.
{¶ 15} In addition, a plaintiff alleging fraud must plead with particularity the circumstances constituting fraud. Civ.R. 9(B). The circumstances constituting fraud include the time, place, and content of the false representation; the fact misrepresented; the identification of the individual giving the false representation; and the nature of what was obtained or given as a consequence of the fraud. Aluminum Line Products Co. v. Smith Roofing Co., Inc. (1996), 109 Ohio App.3d 246,259.
{¶ 16} The trial court did not err in concluding that appellant failed to plead fraud with particularity. The complaint fails to set forth the time or place of the false representation, and fails to set forth the individual who made the false representation. Further, while in its complaint appellant alleged that the fraud arose from appellee's representations as to the clamping cylinders, in its memorandum contra to appellee's summary judgment motion, appellant alleged that the fraud arose from the failure to disclose that the problems with the machines were due to a design defect rather than a mechanical problem.
{¶ 17} In addition, based on the evidence before the court on summary judgment, appellant did not demonstrate that a fiduciary relationship existed between appellant and appellee. The evidence is undisputed that the parties conducted the transaction at arms length. Further, Amann's deposition testimony reveals that he shared equal knowledge with appellee concerning the machine's problems. He was aware of the problems with the machines during his time at appellee, as his duties included addressing customer complaints regarding these machines. Therefore, appellant purchased the machines with complete knowledge of the problems. Amann had previously referred to the machines as "lemons." Appellant therefore cannot demonstrate a justifiable reliance upon any representations by appellee concerning the machines.
{¶ 18} The court did not err in granting the motion for summary judgment in dismissing appellant's complaint. The assignment of error is overruled.
{¶ 19} The judgment of the Delaware County Common Pleas Court is affirmed.
Judgment affirmed.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Delaware County Common Pleas Court is affirmed. Costs to appellant.