OPINION
{¶ 1} Appellant Wayne Link appeals the decision of the Court of Common Pleas, Knox County, which dismissed his counterclaim in an action brought by Appellee Larry Lyons, his former landlord. The relevant facts leading to his appeal are as follows.
 {¶ 2} In May 2000, appellant entered into a month-to-month oral lease to rent one-half of a duplex from Appellee Larry Lyons. December 17, 2002, Larry filed a forcible entry and detainer action against appellant. Larry's wife, Appellee Sharon Lyons, was subsequently joined as a real party in interest. On January 6, 2003, appellant filed an answer and counterclaim alleging fraud and abuse of process and requesting damages of $70,000. Because the counterclaim exceeded the municipal court's monetary jurisdiction, that court bifurcated the complaint from the counterclaim and transferred the counterclaim to the court of common pleas.
 {¶ 3} By judgment entry filed on January 13, 2003, the municipal court found in favor of appellees and ordered appellant to vacate the premises by January 21, 2003. Appellant complied with the order, but filed a notice of appeal. We affirmed the eviction order, holding that the bifurcation of the claims and counterclaim was proper. See Lyons v. Link, Knox App. No. 03CA000006, 2003-Ohio-2706.
 {¶ 4} After appellant's counterclaims were accepted in the Knox County Court of Common Pleas, appellees filed a motion to dismiss pursuant to Civ.R. 12(B)(6). On November 5, 2003, appellant filed a memorandum contra. The trial court conducted a hearing on the motion to dismiss on January 29, 2004. On February 2, 2004, the trial court issued a judgment entry finding appellant's counterclaim failed to state a claim upon which relief could be granted.
 {¶ 5} Appellant timely appealed, and herein raises the following sole Assignment of Error:
 {¶ 6} "I. The trial court abused its discretion by dismissing the defendant-appellant's counterclaim pursuant to ohio civ.r. 12(B)(6).
 I. {¶ 7} In his sole Assignment of Error, appellant contends the trial court erred in dismissing his fraud counterclaim[1]
pursuant to Civ.R. 12(B)(6). We agree.
 {¶ 8} Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. Bratton v. Couch, Morgan App. No. CA02-012, 2003-Ohio-3743, ¶ 8. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v.Guernsey Cty. Bd. of Commrs., 65 Ohio St.3d 545, 1992-Ohio-73. Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. Kramer v. InstallationsUnlimited (2002), 147 Ohio App.3d 350, 353, 2002-Ohio-1844.
 {¶ 9} In their response brief, appellees chiefly argue that appellant failed to state the circumstances of alleged fraud with requisite particularity in his counterclaim. Under Civ.R. 9(B), a party alleging fraud must plead with particularity the circumstances constituting fraud. "The circumstances constituting fraud include the time, place, and content of the false representation; the fact misrepresented; the identification of the individual giving the false representation; and the nature of what was obtained or given as a consequence of the fraud."Advanced Production Center, Inc. v. Emco Maier Corp., Delaware App. No. 2003CAE03020, 2003-Ohio-6206, ¶ 15, citing Aluminum LineProducts Co. v. Smith Roofing Co., Inc. (1996),109 Ohio App.3d 246, 259, 671 N.E.2d 1343.
 {¶ 10} The pertinent portion of appellant's counterclaim reads as follows:
 {¶ 11} "FIRST CLAIM
 {¶ 12} "15. Defendant selectively incorporates paragraphs 1 through 13 of the Defendant's Answer as though fully rewritten herein.
 {¶ 13} "16. Plaintiff, Larry Lyons, and Defendant, Wayne Link, entered into an oral lease for the premises located at 223 Main St., Brinkhaven, Ohio on or about May, 2000.
 {¶ 14} "17. Plaintiff, Larry Lyons, knew the conditions of the premises were not habitable and livable for ordinary occupancy prior to his entering into the oral lease with the Defendant.
 {¶ 15} "18. Plaintiff, Larry Lyons, intended to deceive the Defendant into believing the premises were habitable by orally telling him to beware of the sulfur smell in the water when in fact the water was contaminated with lead.
 {¶ 16} "19. Further alleging the Plaintiff, Larry Lyons, intended to deceive the Defendant into believing the premises were habitable by not warning the Defendant of the rats that occupied the premises prior to and during the Defendant's occupancy of the premises.
 {¶ 17} "20. Defendant relied, to his detriment, upon the Plaintiff's holding out of the quality of the condition of the premises prior to and during the term or (sic) the oral lease.
 {¶ 18} "21. Defendant has been damaged in the amount $10,000 in compensatory damages and $40,000 in punitive damages." Amended Answer and Counterclaim, January 6, 2003.
 {¶ 19} Upon review, we find the above claims are sufficiently particular to survive a Civ.R. 12(B)(6) challenge. AdvancedProduction Center, supra.
 {¶ 20} Our remaining task is to analyze appellant's assertion that the trial court exceeded the parameters of a Civ.R. 12(B)(6) hearing in dismissing his fraud counterclaim, by inquiring into the evidentiary support for said claim. By analogy, where a motion to dismiss contains materials and evidence outside of the pleadings, such motion should be converted to a motion for summary judgment. See Wellman v. Wheeling Lake Erie Ry. Co.
(Dec. 29, 1999), Stark App. No. 1999CA00161, citing Nelson v.Pleasant (1991), 73 Ohio App.3d 479, 597 N.E.2d 1137. See, also,Byler v. Hartville Auctions, Inc. (Oct. 25, 1993), Stark App. No. CA 9262. The transcript of the motion hearing of January 29, 2004 reveals, inter alia, the following exchange between the court and appellant:
 {¶ 21} "THE COURT: What are the elements of fraud?
 {¶ 22} "MR. LINK: Well, in my complaint I have alleged that the Defendant or the Plaintiff, Counter-Defendant I might call him, Larry Lyons, knew that the premises —
 {¶ 23} "THE COURT: I didn't ask you what Mr. Lyons did. I asked you what are the elements of fraud. It is my understanding you are an attorney or you were an attorney.
 {¶ 24} "MR. LINK: I have practiced, yes.
 {¶ 25} "THE COURT: Okay. What are the elements of fraud? What do you have to prove for fraud?
 {¶ 26} "MR. LINK: I have to prove that Mr. Lyons knew of the circumstances that I have alleged in my complaint. And that he intended to deceive me and as a result I suffered damages.
 {¶ 27} "THE COURT: No, that you relied upon his representations.
 {¶ 28} "MR. LINK: I stated that in my counterclaim that I relied.
 {¶ 29} "THE COURT: Now, fit that to the facts in this case.
 {¶ 30} "MR. LINK: Well, okay. As Mr. Lyons indicated that when I — I — probably isn't appropriate to discuss the evidence.
 {¶ 31} "THE COURT: Yes, it is appropriate. You are acting as your own attorney. You are on the same footing as Miss Fowler is here. You are trained in the law. Let's discuss the evidence. That's why we are here. If you don't have any evidence you are out the door. You have to discuss the evidence." Tr. at 8-9.
 {¶ 32} In State ex rel. Baran v. Fuerst (1990),55 Ohio St.3d 94, 97, 563 N.E.2d 713, the Ohio Supreme Court held that a court must notify all parties that it has converted a motion to dismiss for failure to state a claim (Civ.R.12(B)(6)) into a motion for summary judgment. In the case sub judice, we conclude that the court effectively converted the hearing of January 29, 2004 into a summary judgment proceeding without giving either party the opportunity to provide the evidentiary-quality materials required in Civ.R. 56(C). Furthermore, there is nothing in the record indicating the trial court issued any notice that it would conduct the hearing as it did. As such, we find the court's reliance on Civ.R. 12(B)(6) as grounds for dismissal in its judgment entry of February 2, 2004 to be erroneous under the circumstances of this case.
 {¶ 33} Appellant's sole Assignment of Error is sustained.
 {¶ 34} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas of Knox County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.
Wise, J. Gwin, P.J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Knox County, Ohio, is reversed and remanded for further proceedings consistent with this opinion. Costs to appellees.
[1]Appellant's brief is focused on the fraud counterclaim; we therefore will not herein cnsider any issues as to the abuse of process counterclaim.