JOURNAL ENTRY AND OPINION
{¶ 1} Defendant, Rebecca Kovach, appeals the trial court's denial of her Civ.R. 60(B) motion to reverse its ruling granting default judgment against her to plaintiff, Beach Body Tanning. Her son, co-defendant Michael Kovach, owned a tanning salon named "Xtreme Exposure Tanning." He sold this salon to Beach Body Tanning for $115,000.
 {¶ 2} The new owners filed suit against Michael, Xtreme Exposure Tanning, LLC, Rebecca, and a Peter Formica, allegedly a broker between buyers and sellers of businesses. Formica arranged the sale of the salon to Beach Body Tanning.[1] The suit alleged fraud and requested the court to impose a constructive trust on any monetary assets in Michael or Rebecca's possession. The complaint also requested an order rescinding the agreement, requested an order rescinding the agreement, attorney fees, and costs.
 {¶ 3} Rebecca claims that she had nothing to do with the business or with its sale. She states that when she received the complaint, she asked Michael about it and he told her he would take care of it. She testified in deposition that she asked him about the lawsuit about three times and each time he told her that he and his lawyer, "Lenny," were handling it. Although she did not know Lenny's last name and also testified that she did not always believe what her son told her, she ignored the complaint, the two court notices of default hearings she received, and the summons to a deposition faxed to her at the Key Bank where she worked.
 {¶ 4} It was not until she received a notice from Rocky River Municipal Court that the default judgment against her had been transferred there and the process of garnishment of her wages was initiated that she filed her motion for relief from judgment, which the court denied. She timely appealed this denial, stating two assignments of error. Because it is dispositive of the case, we address the second assignment of error first:
II. The trial court erred, and abused its discretion, in denying the defendant-appellant's motion for relief from default judgment.
 {¶ 5} Rebecca claims that the trial court erred in denying her motion for relief from judgment because she fulfilled all the requirements for granting the motion. Absent an abuse of discretion we will not reverse the trial court in this ruling. The Ohio Supreme Court has clearly established the standard of review: "A motion for relief from judgment under Civ. R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." Griffey v. Rajan (1987), 33 Ohio St.3d 75,77. Reversal requires more than disagreement with the outcome; "an appellate court will not find an abuse of discretion simply because it could reach a different conclusion if it were deciding the case de novo."Proctor v. Proffitt (Meigs App. No. 02CA5 02CA6), 2004 Ohio 789 ¶ 9, citing Dunkle v. Dunkle (1999), 135 Ohio App.3d 669, 675,735 N.E.2d 469. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Id., citing State ex rel.Cassels v. Dayton City School Dist. Bd. of Edn. (1994), 694 Ohio St.3d 217,223, 631 N.E.2d 150, 155.
 {¶ 6} With that standard, we review the court's decision on Rebecca's Civ.R. 60(B) motion for relief from judgment.
 {¶ 7} Relief from judgment is governed by Civ.R. 60(B), which states:
 {¶ 8} (B) Mistakes; inadvertence; excusable neglect; newly newly discovered evidence; fraud; etc. — On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.
 {¶ 9} This rule has been interpreted by the seminal Ohio Supreme Court case, GTE Automatic Electric, Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, which states:
To prevail on his motion under Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. * * * [T]hese requirements are independent and in the conjunctive, not the disjunctive.
 {¶ 10} Id. at 151.
 {¶ 11} Unless a moving party fulfills all three requirements set forth in the rule, therefore, the movant cannot prevail. The parties agree that Rebecca's motion was timely filed. Beach Body Tanning disputes, however, both that her neglect was excusable and that she has a meritorious defense to the complaint.
 {¶ 12} The Ohio Supreme Court has explained "excusable neglect:"
A trial court does not abuse its discretion in overruling a Civ. R. 60(B)(1) motion for relief from a default judgment on the grounds of excusable neglect, if it is evident from all of the facts and circumstances in the case that the conduct of the defendant, combined with the conduct of those persons whose conduct is imputable to the defendant, exhibited a disregard for the judicial system and the rights of the plaintiff. (Colley v. Bazell [1980], 64 Ohio St. 2d 243, 18 O.O. 3d 442, 416 N.E. 2d 605, and GTE Automatic Electric v. ARCIndustries [1976], 47 Ohio St. 2d 146, 1 O.O. 3d 86, 351 N.E. 2d 113, followed.)
 {¶ 13} Griffey v. Rajan (1987), 33 Ohio St.3d 75, syllabus. The court also has the option, however, of granting a Civ.R. 60(B) motion for "any other reason justifying relief from the judgment." Civ.R. 60(B)(5). Despite Rebecca's lack of an acceptable reason for failing to respond to the failing to respond to the complaint, therefore, the court may determine that justice requires granting the motion. Clearly, this is the case here.
 {¶ 14} It is well settled that the law favors resolving cases on their merits rather than by default. "Where timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits." G.T.E., syllabus paragraph three.
 {¶ 15} As the Court noted in Colley v. Bazelli (1980), 64 Ohio St.2d 243
What is excusable neglect and what is inexcusable neglect can hardly be determined in a vacuum. * * * The recent cases applying Rule 60(b) have uniformly held that it must be given a liberal construction. Mattersinvolving large sums should not be determined by default judgments if itcan reasonably be avoided. (Emphasis added.)
 {¶ 16} Id. at 249, quoting Tozer v. Charles A. Krause Milling Co.
(C.A. 3, 1951), 189 F.2d 242, 245. The amount in question here is nearly $100,000. It is undisputed that Rebecca did not benefit from the sale of the business. In light of those facts, it is appropriate to examine the merits of her case, despite her lack of excusable neglect.
 {¶ 17} Because it alleged fraud, the complaint against Rebecca was required to state with specificity what plaintiff Beach Body Tanning believes her fraudulent behavior to have been. Civ.R. 9(B) says in says in pertinent part:
 {¶ 18} In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.
 {¶ 19} As the Ohio Supreme Court explained:
 {¶ 20} A claim of common-law fraud requires proof of the following elements: (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance.
 {¶ 21} Russ v. TRW, Inc. (1991), 59 Ohio St.3d 42, 49. Plaintiff Beach Body Tanning's only allegations against Rebecca state:
23. * * * Rebecca Kovach knew the business figures represented to TAE by Michael Kovach were not accurate and knew of the other misrepresentations made by Michael Kovach.
31. Because of Rebecca Kovach's role as custodian of Michael Kovach's financial affairs and probable financial advisor, it is reasonably believed that Rebecca Kovach was directly involved in or at least complicit in the misrepresentations of Michael Kovach with regard to the sale/purchase of Xtreme Exposure. In addition, it is reasonably believed that Rebecca Kovach has reasonably believed that Rebecca Kovach has access to or control over the purchase price paid by TAE to Michael Kovach for Xtreme Exposure.
32. Moreover, because of Rebecca Kovach's control over the monetary assets of Michael Kovach, Rebecca Kovach is, in essence, the de facto
partner of Michael Kovach in the transaction with TAE.
39. * * * Rebecca Kovach, upon information and belief, [was] aware of Michael Kovach's fraudulent representations and thus [was] at least passive participants in the fraud because [she] said nothing to TAE.
40. Moreover, because Rebecca Kovach has control over the monetary assets of Michael Kovach and is the custodian of his finances, she was, in essence, a de facto partner in the fraud.
 {¶ 22} The remainder of the complaint includes allegations that Rebecca has control over Michael's money. The complaint further states:
 {¶ 23} "2. Michael Kovach is, upon information and belief, the sole Member [sic] of Xtreme Exposure Tanning, LLC, a limited liability company organized pursuant to the laws of the State of Ohio * * *.
 {¶ 24} Plaintiff Beach Body Tanning has failed to establish, first, that Rebecca is responsible for any actions taken by Xtreme Exposure Tanning, and second, that Rebecca breached any duty of disclosure to it. The complaint does not allege that plaintiff engaged in any conversations or negotiations with her from which it could rely on false representations. Alleging that a could rely on false representations. Alleging that a person is in contact with a person who allegedly made fraudulent representations is not sufficient to avoid dismissal for failure to state a claim upon which relief can be granted. Civ.R. 12(B)(6). Nothing in the complaint alleges with specificity that Rebecca behaved fraudulently toward plaintiff. The complaint does not allege a fiduciary duty on her part to plaintiff Beach Body Tanning. The complaint does not allege what is the first requirement of fraud, that is, "a representation or, where there is a duty to disclose, concealment of a fact." Rebecca made no representations to plaintiff Beach Body Tanning concerning the business at all. She never even communicated with plaintiff.
 {¶ 25} "Fraud is committed by a failure to disclose only when the person is under a duty to disclose, and the duty to disclose arises when one party has information that the other party is entitled to know because of a fiduciary or another similar relation of trust and confidence between them." Advanced Prod. Ctr. v. Emco Maier Corp.,
Delaware App. No. 2003CAE03020, 2003 Ohio 6206, ¶ 14. Plaintiff admits in its complaint that "Michael Kovach * * * is the sole Member of Xtreme Exposure Tanning, LLC * * *." It does not allege that Rebecca was a member, shareholder, or officer of the limited liability corporation, or that she made any representations to plaintiff at all. Plaintiff has failed, therefore, to establish a duty on her part to provide any information to it. Rebecca has, in other words, a valid defense other words, a valid defense against the default judgment.
 {¶ 26} The trial court erred, therefore, in granting default judgment against Rebecca in favor of Beach Body Tanning. Failure to respond to a complaint which does not state a claim upon which relief can be granted should not result in a default judgment against the defendant. A plaintiff still needs to allege a valid claim in order to prevail, even against a neglectful defendant.
 {¶ 27} Because the trial court erred in granting default judgment to Beach Body Tanning, the judgment is vacated and this case remanded to the trial court for further proceedings consistent with this opinion.[2]
 {¶ 28} This cause is vacated and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, ordered that said appellants recover of said appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Rocco, J., and McMonagle, J., Concur.
[1] Formica is the only defendant who filed an answer. Although the docket does not reflect any further activity involving Formica, and the default motion was filed only against the other co-defendants, the court granted judgment to plaintiffs against all parties, jointly and severally. The court's order is, therefore, a final appealable order. Formica did not appeal the judgment against him, despite the lack of proceedings.
[2] The resolution of this assignment of error renders the first assignment of error moot. It states:
I. The trial court erred in failing to conduct a formal hearing on the contentions made and included in defendant-appellant's motion for relief from default judgment, in that the parties were not permitted to present evidence relative to the motion, not to examine and cross-examine witnesses, or present arguments as to the merits of their respective positions.