OPINION
{¶ 1} Appellant Wayne Link appeals the decision of the Court of Common Pleas, Knox County, which denied his request for a protective order and subsequently dismissed his counterclaim in a protracted dispute with his former landlord, Appellee Larry Lyons. The relevant facts leading to his appeal are as follows.
 {¶ 2} In May 2000, appellant entered into a month-to-month oral lease to rent one-half of a duplex from Appellee Larry Lyons. On December 17, 2002, Appellee Larry Lyons filed a forcible entry and detainer action against appellant. Larry's wife, Appellee Sharon Lyons, was subsequently joined as a real party in interest. On January 6, 2003, appellant filed an answer and counterclaim alleging fraud and abuse of process and requesting damages of $70,000. Because the counterclaim exceeded the municipal court's monetary jurisdiction, that court bifurcated the complaint from the counterclaim and transferred the counterclaim to the court of common pleas.
 {¶ 3} By judgment entry filed on January 13, 2003, the municipal court found in favor of appellees in their forcible entry and detainer action and ordered appellant to vacate the premises by January 21, 2003. Appellant complied with the order, but filed a notice of appeal. We affirmed the eviction order, holding that the bifurcation of the claims and counterclaim was proper. See Lyons v. Link, Knox App. No. 03CA000006, 2003-Ohio-2706.
 {¶ 4} After appellant's counterclaims were accepted in the Knox County Court of Common Pleas, appellees filed a motion to dismiss pursuant to Civ.R. 12(B)(6). On February 2, 2004, the trial court issued a judgment entry finding appellant's counterclaim failed to state a claim upon which relief could be granted. We reversed the decision of the trial court on October 15, 2004, finding the court's reliance on Civ.R. 12(B)(6) as grounds for dismissal to be erroneous under the circumstances of the case. See Lyons v. Link, Knox App. No. 04CA4,2004-Ohio-5524.
 {¶ 5} After the case was thus remanded to the common pleas court, appellees, on January 13, 2005, filed a notice to take deposition of appellant at appellees' attorney's law offices. Appellant thereupon filed a motion for a protective order, opposing the taking of the deposition. The trial court denied said motion on February 18, 2005.
 {¶ 6} Appellees then notified appellant of the deposition, set for March 11, 2005 at 10 AM. Appellant failed to appear at that time. Appellees thereupon filed a motion to compel appellant to appear for deposition. The trial court conducted a hearing on the motion on April 22, 2005, following which the court ordered that appellant appear for the purpose of taking his deposition.
 {¶ 7} The deposition was scheduled for April 25, 2005, at the Knox County Courthouse. The deposition commenced on that date at 1:30 PM. However, at 1:45 PM, before appellees' counsel had asked all of his questions, appellant stated: "That's it. That is my testimony. You file whatever you have to." Deposition Tr. at 19. He then left the room, and the deposition was adjourned. Id.
 {¶ 8} On May 12, 2005, appellees filed a motion for sanctions, requesting that appellant's counterclaim be dismissed pursuant to Civ.R. 37(B)(2). On June 8, 2005, the trial court issued a judgment entry finding the motion for sanctions to be well-taken and dismissing appellant's counterclaim.
 {¶ 9} Appellant timely appealed, and herein raises the following two Assignments of Error:
 {¶ 10} "I. THE TRIAL COURT DID NOT ISSUE FINDINGS OF FACT AND CONCLUSIONS OF LAW IN ITS PROTECTIVE ORDER.
 {¶ 11} "II. BY ALLOWING THE PLAINTIFFS-APPELLEES MORE THAN ONE OPPORTUNITY TO DEPOSE THE DEFENDANT-APPELLANT CONCERNING THE SAME CIRCUMSTANCES SURROUNDING THIS CASE, THE TRIAL COURT IS PERMITTING OPPOSING COUNSEL TO ABUSE, OPPRESS AND ANNOY THE DEFENDANT-APPELLANT IN VIOLATION OF OHIO CIVIL RULE 26(C).
 I. {¶ 12} In his First Assignment of Error, appellant contends the trial court abused its discretion by failing to issue findings of fact and conclusions of law regarding its denial of the protective order.
 {¶ 13} We note appellant failed to file a request for findings of fact and conclusions of law with the trial court pursuant to Civ.R. 52. Accordingly, we hold appellant has waived any error in this regard. See, e.g., Kager v. Kager (May 22, 2000), Stark App. No. 1999CA00252.
 {¶ 14} Appellant's First Assignment of Error is overruled.
 II. {¶ 15} In his Second Assignment of Error, appellant argues the trial court abused its discretion by declining to block, via a protective order, the deposition of appellant. We disagree.
 {¶ 16} We review a trial court's disposition of discovery matters under an abuse of discretion standard. State ex rel. TheV. Cos. v. Marshall (1998), 81 Ohio St.3d 467, 469. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 17} Civ.R. 26(B)(1) states: "Unless otherwise ordered by the court in accordance with these rules, * * * [p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."
 {¶ 18} The gist of appellant's argument is that a protective order was warranted because appellees' counsel supposedly could have deposed him in 2003 when appellant himself took the deposition of Appellee Larry Lyons, and because appellant was subject to cross-examination during the eviction portion of this bifurcated case. We find no merit in appellant's theory. We further find appellant's reliance on Fireman's Fund AmericanInsurance Co. v. Giglio (Nov. 1, 1979), Cuyahoga App. No. 39082, unpersuasive and procedurally inapposite. In that case, the deponent was actually an employee of the appellee insurance company, which had successfully obtained a protective order from the municipal court after counsel for the appellant, Giglio dba Broadway Motors, who had scheduled the deposition, failed to go forward with it. Giglio then appealed the trial court's issuance of the protective order, which was ultimately affirmed by the Eighth District Court. Id.
 {¶ 19} In the case sub judice, we find no abuse of discretion in the trial court's denial of appellant's requested protective order. Appellant's Second Assignment of Error is therefore overruled.
 {¶ 20} For the foregoing reasons, the judgment of the Court of Common Pleas, Knox County, Ohio, is hereby affirmed.
Wise, J., Gwin, P.J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Knox County, Ohio, is affirmed. Costs to appellant.