[Cite as *IH Credit Union v. Rowe*, 2025-Ohio-1563.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IH Credit Union, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 24AP-591 |
| v. | : | (C.P.C. No. 24CV-1004) |
| Antar T. Rowe, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on May 1, 2025

**On brief:** *Antar T. Rowe*, pro se. **Argued:** *Antar T. Rowe.*

APPEAL from the Franklin County Court of Common Pleas

PER CURIAM.

{¶ 1}  Defendant-appellant, Antar T. Rowe, appeals pro se from a judgment of the Franklin County Court of Common Pleas denying his motion for default judgment on his third-party complaint against J.P. Morgan Chase Bank, N.A. ("Chase") and striking the third-party complaint.  For the following reasons, we affirm.

**I.  Facts and Procedural History**

{¶ 2}  In February 2024, plaintiff-appellee, IH Credit Union ("IH Credit"), filed a complaint against Rowe seeking judgment on a loan and security agreement and possession of an Audi automobile.  In March 2024, Rowe filed an answer admitting that IH Credit held the loan and security agreement and not disputing the outstanding amount on the agreement.  Rowe admitted he had granted a security interest in the Audi automobile but denied that IH Credit was entitled to possession of that vehicle.  At the same time, Rowe also filed a third-party complaint against Chase, asserting he was a Chase employee at the

time he entered the loan and security agreement with IH Credit and that a "criminal fraud discrimination and employment scheme" by other Chase employees led to termination of his employment and caused him to breach the loan and security agreement. (Mar. 1, 2024 Answer and Cross-Claim at 2.)[1] Rowe asserted claims against Chase for "negligence per se" and negligence, alleging Chase failed to supervise the activities of its employees and claiming Chase was ultimately liable for any breach of the loan and security agreement.

{¶ 3} In May 2024, Rowe moved for default judgment on his third-party complaint against Chase, asserting Chase had been served by certified mail on March 19, 2024 and had failed to answer or otherwise defend in the action. In September 2024, the trial court issued an order denying Rowe's motion for default judgment and sua sponte striking the third-party complaint.

## II. Assignment of Error

{¶ 4} Rowe appeals and assigns the following sole assignment of error for our review:

> The Trial Court abused its discretion by striking Mr. Rowe's pleading and denying Mr. Rowe's Motion for default judgment as the Ohio Rules of Civil Procedure Rule 55 states "when a party against who a judgement for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to judgement by default shall apply in writing or orally to the court. The Trial Court erred in its application, or failure to apply Civ R. 54, 55.

(Sic passim.)

## III. Discussion

{¶ 5} Rowe's appeal presents two related issues for our consideration. First, whether the trial court erred by denying Rowe's motion for default judgment on the third-party complaint. Second, whether the trial court erred by sua sponte striking the third-party complaint without prior notice. We will consider each issue in turn.

### A. Whether the trial court erred by denying Rowe's motion for default judgment

{¶ 6} Civ.R. 55(A) governs default judgment and states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as

---

[1] Rowe's claim against Chase was originally identified as cross-claim but Rowe asserts it was amended to be a third-party complaint.

provided by [the civil] rules, the party entitled to a judgment by default shall apply in writing or orally to the court" for a default judgment. However, "even when a defendant fails to answer or otherwise respond, the trial court 'is not automatically required to enter default judgment.' " *Lane v. U.S. Bank, N.A.*, 2021-Ohio-1891, ¶ 7 (10th Dist.), quoting *Caryn Groedel & Assocs. Co., L.P.A. v. Crosby*, 2010-Ohio-3314, ¶ 28 (8th Dist.). " 'A plaintiff still needs to allege a valid claim in order to prevail, even against a neglectful defendant.' " *Lopez v. Quezada*, 2014-Ohio-367, ¶ 13 (10th Dist.), quoting *Beach Body Tanning, Inc. v. Kovach*, 2005-Ohio-2629, ¶ 26 (8th Dist.). "Therefore, where the plaintiff has failed to state a claim, default judgment on that claim is improper." *Id*. We review a decision to deny a motion for default judgment for abuse of discretion. *Id*. at ¶ 11.

{¶ 7} The trial court found that it appeared Chase was properly served with the third-party complaint and failed to timely answer but concluded Rowe was not entitled to default judgment because the third-party complaint failed to state a claim upon which relief could be granted. The court noted there was no indication of privity between IH Credit and Chase and further concluded there was "no allegation, nor . . . can there be any credible evidence presented that would make [Chase] liable for [Rowe's] breach of the loan and security agreement made with [IH Credit]." (Sept. 26, 2024 Order at 2.)

{¶ 8} Third-party practice is governed by Civ.R. 14. In relevant part, Civ.R. 14(A) provides that "[a]t any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." Construing Civ.R. 14(A), the Supreme Court of Ohio has held that for a third-party claim, "[t]he transaction or occurrence which forms the subject matter of the primary claim must be the same transaction or occurrence that gives rise to legal rights in the defendant against the third-party defendant." *State ex rel. Jacobs v. Mun. Court of Franklin Cty.*, 30 Ohio St.2d 239, 242 (1972). "If the claim asserted in the third-party complaint does not arise *because of* the primary claim, or is in some way *derivative of* it, then such claim is not properly asserted in a third-party complaint." (Emphasis added.) *Id*.

{¶ 9} The underlying issue in *Jacobs* was a scenario where the appellant had been involved in an automobile collision and rented a temporary substitute vehicle from an auto dealership while his vehicle was being repaired. *Id*. at 239. The dealership eventually filed

a complaint against the appellant in municipal court seeking rental charges it claimed to be owed. The appellant denied the allegations of the complaint and filed a third-party complaint for personal injuries and property damage against other individuals who had been involved in the automobile collision. *Id.* The municipal court dismissed the third-party complaint, and the appellant sought a writ of procedendo ordering the municipal court judge to vacate the dismissal order and certify the case to the common pleas court. *Id.* at 240. In affirming the order of the court of appeals denying the writ of procedendo, the Supreme Court found that the underlying primary claim was based on a contract and sought to recover rental charges allegedly owed under that contract. The Supreme Court further found that "[t]he parties sought to be impleaded are strangers to that contract." *Id.* at 242. The Supreme Court concluded that Civ.R. 14(A) does not grant a right to implead parties that are complete strangers to the events involved in the primary claim. *Id.*

{¶ 10} Consistent with *Jacobs*, this court has held that " 'in order to be the proper subject of a third-party action, the alleged right of the defendant to recover, or the duty allegedly breached by the third-party defendant, must arise from the plaintiff's successful prosecution of the main action against defendant.' " *Franklin Cty. Dist. Bd. of Health v. Paxson*, 2003-Ohio-1331, ¶ 16 (10th Dist.), quoting *Renacci v. Martell*, 91 Ohio App.3d 217, 221 (9th Dist. 1993). "A third-party claim is inappropriate where the right or duty set forth in the third-party complaint alleged to have been violated does not emanate from the plaintiff's claim but exists wholly independent of it." *Id.* In *Paxson*, a county board of health filed suit against a homeowner for injunctive relief and declaration of a nuisance, alleging that the homeowner's septic system was discharging sewage onto the surface of the ground. *Id.* at ¶ 5. The homeowner filed a third-party complaint against the local school district, alleging that construction activity and drainage modifications on the neighboring property, where the school district was building a new school, prevented his septic system from operating properly. *Id.* This court held that the homeowner properly brought the third-party complaint against the school district because if the school district was found responsible for excessive flooding and failure of the homeowner's septic system, it would be secondarily liable for the nuisance that was alleged in the board of health's complaint. *Id.* at ¶ 18.

{¶ 11} In the present case, IH Credit's complaint sought to recover amounts allegedly owed under the loan and security agreement and possession of the vehicle securing that agreement. Rowe's third-party complaint alleged negligence and fraudulent activity against Chase and its employees, asserting those activities led to Rowe's termination of employment. Rowe further argued that Chase was responsible for any breach of the loan and security agreement. As Rowe acknowledges in his appellate brief, he also has pursued his claims against Chase through multiple complaints filed in the Franklin County Court of Common Pleas, which Chase has removed to federal court. Similar to *Jacobs*, in this case Chase is a stranger to the loan and security agreement between IH Credit and Rowe. IH Credit's claims against Rowe arise from Rowe's alleged failure to make payments required under the loan and security agreement. By contrast, Rowe's claims against Chase in the third-party complaint arise from Rowe's employment with Chase and are independent claims relating to the conditions and circumstances of his employment. Rowe's claims against Chase did not arise because of and were not derivative of IH Credit's claims against Rowe; therefore, Rowe's claims against Chase were not properly asserted through a third-party complaint in this case and the trial court did not err by concluding that Rowe was not entitled to default judgment against Chase because the third-party complaint failed to state a claim.[2] Accordingly, the trial court did not err by denying Rowe's motion for default judgment.

### B. Whether the trial court erred by sua sponte striking the third-party complaint without notice

{¶ 12} Rowe's appeal also presents the question of whether the trial court erred by sua sponte striking the third-party complaint without giving prior notice to Rowe. The trial court cited Civ.R. 12(F) as authority for striking an insufficient claim. In relevant part, Civ.R. 12(F) provides that "upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient claim or defense or any redundant, immaterial, impertinent, or scandalous matter." Generally, we review a trial court decision striking a pleading for abuse of discretion. *See Harris v. Cunix*, 2022-Ohio-839, ¶ 8 (10th Dist.) (holding that a trial court's decision to grant or deny a motion to strike is subject to review

---

[2] We note that our conclusion about whether Rowe properly brought his claims against Chase in the form of a third-party complaint in the present case has no bearing on the validity of the claims Rowe has asserted against Chase in other cases.

for abuse of discretion). Because the trial court concluded Rowe's third-party complaint failed to state a claim upon which relief could be granted, the order striking the third-party complaint was effectively a dismissal order. *See Anderson v. Smith*, 2011-Ohio-5619, ¶ 5 (10th Dist.) (concluding that trial court order striking an application to show cause for civil contempt of a court order under Civ.R. 12(F) "effectively functioned as a dismissal of the matter under Civ.R. 12(B)(6) for failure to state a claim upon which relief could be granted" when the trial court found that the application did not qualify as a complaint under the civil rules and held that it should be stricken because there was no private right of action for contempt capable of forming the basis for a complaint). We review de novo a trial court's decision that a complaint fails to state a claim upon which relief can be granted. *Jackson v. Conroy Rental*, 2024-Ohio-4467, ¶ 5 (10th Dist.).

{¶ 13} With respect to the issue of notice, the civil rules provide that when a plaintiff fails to prosecute a claim or complaint or comply with the civil rules or a court order, "the court . . . on its own motion may, *after notice to the plaintiff's counsel*, dismiss an action or claim." (Emphasis added.) Civ.R. 41(B)(1). This provision applies equally to third-party claims. Civ.R. 41(C). The Supreme Court of Ohio has held that the notice requirement under Civ.R. 41(B)(1) applies to all dismissals with prejudice because a dismissal on the merits " 'is a harsh remedy that calls for the due process guarantee of prior notice.' " *Klaus v. Klosterman*, 2015-Ohio-2545, ¶ 27 (10th Dist.), quoting *Ohio Furniture Co. v. Mindala*, 22 Ohio St.3d 99, 101 (1986). Notwithstanding that general principle, however, the Supreme Court also has held that "[s]ua sponte dismissal without notice is warranted when a complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint." *State ex rel. Scott v. Cleveland*, 2006-Ohio-6573, ¶ 14. This court has applied that exception to affirm trial court orders sua sponte dismissing complaints. *See, e.g., Lane v. U.S. Bank, N.A.*, 2023-Ohio-1552, ¶ 24-31 (10th Dist.).

{¶ 14} As explained in our analysis above, the claims Rowe asserted against Chase in the third-party complaint did not arise because of IH Credit's claims against Rowe and were not derivative of IH Credit's claims. Therefore, Rowe's claims were not the proper subject of a third-party complaint against Chase in this action. Under these circumstances, Rowe obviously could not prevail on the third-party complaint and the trial court did not err by sua sponte striking the third-party complaint without providing prior notice to Rowe.

{¶ 15} Because we conclude the trial court did not err by denying Rowe's motion for default judgment and by sua sponte striking the third-party complaint without notice, we overrule Rowe's sole assignment of error.

## IV. Conclusion

{¶ 16} For the foregoing reasons, we overrule Rowe's sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN, LELAND, and DINGUS, JJ., concur.

———————